UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO<br><br>　　　　　　Plaintiff,<br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY, PAUL M. KELLY, JAMES D. BRIANT, LT. HIGGINS, WILLIAM BENNETT AS DISTRICT ATTORNEY, HOLYOKE POLICE DEPARTMENT, COMMONWEALTH OF MASSACHUSETTS, CITY OF HOLYOKE<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 04-30201-KPN |

## DEFENDANTS' WILLIAM BENNETT AS DISTRICT ATTORNEY AND THE COMMONWEALTH OF MASSACHUSETTS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

### INTRODUCTION

The Defendants William Bennett as District Attorney and the Commonwealth of Massachusetts have moved this Court to dismiss the above-entitled case for failure to state a claim upon which relief can be granted, pursuant to the provisions of Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In support of such motion, the Defendant William Bennett states that he is sued as the District Attorney for negligence and alleged violations of the Plaintiff's civil rights. As the chief criminal prosecutor of Hampden County, Mr. Bennett is immune from liability for his actions as a prosecutor. Further, the Commonwealth of Massachusetts is immune from liability under the 11th Amendment to the Constitution of the United States.

### FACTUAL BACKGROUND

The Defendant William Bennett is identified as the District Attorney of Hampden County. (Complaint ¶ 7) The Plaintiff alleges that the District Attorney has been negligent in his duty to

identify civil rights violations in allegedly fabricated police reports. (Complaint ¶ 12) The Plaintiff further alleges that the District Attorney is pursuing a criminal case against the Plaintiff in which the Plaintiff's clearly established civil and constitutional rights have been violated. (Complaint ¶ 12) The Plaintiff alleges that the District Attorney is maliciously prosecuting him. (Complaint ¶ 12)

The Commonwealth of Massachusetts is identified as the employer of the Defendant William Bennett as District Attorney. (Complaint ¶ 8) No other allegations are made against the Commonwealth of Massachusetts.

## ISSUES

A. The Defendant William Bennett as District Attorney is immune from liability for his actions as a prosecutor.

B. The Eleventh Amendment of the United States Constitution bars a suit in federal court against a state or its agencies, especially when there is no allegation of any state action.

## ARGUMENT

A. The Defendant William Bennett as District Attorney is absolutely immune from civil rights claims under Federal law as well as State law for any actions taken as an advocate for the Commonwealth. A prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope. *Imbler v. Pachtman*, 424 U.S. 409, 427, (1975) *See also, Dinsdale v. Commonwealth*, 424 Mass. 176 (1997). As recognized by both the United States Supreme Court and the Supreme Judicial Court of Massachusetts, the immunity in question is not simply immunity from liability, but immunity from "'the risks of trial.'" *Breault v. Chairman of the Board of Fire Commissioners*, 401 Mass. 26, 31 (1987), *cert. denied*, 485 U.S. 906 (1988), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).

The Defendant District Attorney Bennett, as a prosecutor, acts within the prosecutorial function anytime he is involved in the judicial process, i.e., presenting the state's case. *Martinez v.*

*Winner*, 771 F.2d 424, 438 (10th Cir.1985). Prosecutorial immunity is a complete protection from civil suit, if the prosecutor is acting within his or her scope of authority. *Imbler*, 424 U.S. at 427.

The Plaintiff alleges that he Defendant District Attorney Bennett is pursuing a criminal case against the Plaintiff in which the Plaintiff's clearly established civil and constitutional rights have been violated. (Complaint ¶ 12) The Plaintiff alleges that the District Attorney is maliciously prosecuting him. (Complaint ¶ 12) The Defendant District Attorney strenuously denies such allegations. However, as a matter of law, whenever a prosecutor is involved in presenting the state's case, he or she is immune from liability, even if false or inaccurate information is given to the court. *Imbler*, 424 U.S. at 431. When a government attorney is performing a function protected by absolute immunity, that immunity exists even if his conduct is illegal. *Barrett v. United States*, 798 F.2d 656, 573 (2d Cir. 1986). "The immunity attaches to [the government attorney's] function, not to the manner in which he performed it." *Barrett supra. at* 573.

In the present case, District Attorney Bennett is squarely within the protection afforded by the doctrine of absolute immunity.

B.   It is well settled that the Eleventh Amendment to the United States Constitution bars a suit in federal court against a state or its agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam); *Ad Hoc Committee on Judicial Administration v. Massachusetts*, 488 F.2d 1241, 1243 n.2 (1st Cir. 1973), cert. denied, 416 U.S. 986 (1974). The immunity applies also to any entity that is an "arm of the state." *Wojick v. Massachusetts State Lottery Commission*, 300 F.3d 92, 99 (1st Cir. 2002). This bar applies regardless of whether money damages or injunctive relief is sought. *Pennhurst,* 465 U.S. at 100

(Eleventh Amendment proscribes suit against state agencies "regardless of the nature of the relief sought"); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam). As the First Circuit Court of Appeals has concluded, state agencies such as the District Attorney are an "arm of the state" entitled to immunity under the Eleventh Amendment. *Wojick*, 300 F.3d at 100 ("Viewed in their totality, the relevant factors clearly point in the direction of recognizing the Lottery Commission as an 'arm of the state' entitled to immunity under the Eleventh Amendment.").

The Plaintiff has failed to allege any action by the Commonwealth of Massachusetts in this case that violates any federal law. The Plaintiff's Complaint fails to contain any prayer for relief against the Commonwealth of Massachusetts. The Plaintiff has failed to state a claim upon which relief can be granted against the Commonwealth.

## CONCLUSION

The Defendants District Attorney and the Commonwealth of Massachusetts are both immune from liability as set forth above.

Respectfully submitted,

**THOMAS F. REILLY
ATTORNEY GENERAL**

_____
William P. O'Neill  BBO # 379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
Tel. No. 413-784-1240, ext. 107
Fax No. 413-784-1244