UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO,<br>    Plaintiff,<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, DISTRICT ATTORNEY WILLIAM<br>BENNETT, HOLYOKE POLICE DEPARTMENT,<br>COMMONWEALTH OF MASSACHUSETTS and<br>CITY OF HOLYOKE<br>    Defendants. | CIVIL ACTION<br>NO. 04-30201-KPN |

## ANSWER OF DEFENDANTS MICHAEL HIGGINS AND PAUL KELLY TO PLAINTIFF'S COMPLAINT

1. The defendants are without sufficient information to admit or deny the allegations of paragraph one of the complaint.

2. The defendants admit the allegations of paragraph two of the complaint.

3. The defendants admit the allegations of paragraph three of the complaint.

4. The defendants admit the allegations of paragraph four of the complaint.

5. The defendants admit the allegations of paragraph five of the complaint.

6. The defendants admit the allegations fo paragraph six of the complaint.

7. The defendants admit the allegations of paragraph seven of the complaint.

8. The defendants admit that these two defendants are employed by the City of Holyoke, but deny the remaining allegations of paragraph eight of the complaint.

## JURISDICTION

9. The allegations set forth in paragraph nine of the complaint are jurisdictional statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

## FACTS

10. The defendants deny the allegations of paragraph ten of the complaint.

11. The defendants deny the allegations of paragraph eleven of the complaint.

12. The defendants admit that District Attorney William Bennett is pursuing a criminal case against the plaintiff, but deny the remaining allegations of paragraph twelve of the complaint.

13. The defendants deny the allegations of paragraph thirteen of the complaint.

14. The defendants deny the allegations of paragraph fourteen of the complaint.

15. The defendants deny the allegations of paragraph fifteen of the complaint.

16. The defendants are without sufficient information to admit or deny the allegations of paragraph sixteen of the complaint.

17. The defendants deny the allegations of paragraph seventeen of the complaint.

18. The defendants deny the allegations of paragraph eighteen of the complaint.

19. The allegations set forth in paragraph nineteen of the complaint are prayers for relief not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

20. The allegations set forth in paragraph twenty of the complaint are prayers for relief not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

21.  The defendants deny the allegations of paragraph twenty-one of the complaint.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendants' actions were justified.

### Third Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fourth Affirmative Defense

The defendants acted out of necessity.

### Fifth Affirmative Defense

The defendants acted in good faith and with probable cause.

### Sixth Affirmative Defense

The defendants have qualified immunity.

### Seventh Affirmative Defense

The defendants are immune from suit.

### Eighth Affirmative Defense

Each defendant acted within the scope of his employment and is thus immune from suit.

### Ninth Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

### Tenth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

## Eleventh Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE** the defendants request this Honorable Court to enter judgment in their favor and award them their costs.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Michael Higgins and Paul Kelly
By their attorney,

/s/ Austin M. Joyce
Austin M. Joyce,
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285
BBO#: 255040

## CERTIFICATE OF SERVICE

I, Austin M. Joyce, hereby certify that I have on this 17th day of December, 2004 mailed a copy of the enclosed Answer of Defendants to Plaintiff's Complaint via, first class, postage prepaid to:

David Ribeiro, Pro se
629 Randall Road
Ludlow, MA 01056

William P. O'Neil, Esq.
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Charles Lavelle, Esq.
Holyoke Law Department
563 Dwight Street
Holyoke, MA 01040

_____
Austin M. Joyce, Esq.