UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WESTERN MASSACHUSETTS

David Ribeiro, Plaintiff, Pro Se

V.                                                        Civil Action Number: 04-30201KPN

Holyoke Police Department, City of
Holyoke, Commonwealth of Massachusetts,
Holyoke Police Officers: David Usher, Martin W. Narey,
Paul M. Kelly, James D. Briant, Lt. Higgins,
and District Attorney William Bennett.

### MOTION TO AMEND FINDINGS

Now, comes the Plaintiff, David Ribeiro, and he respectfully proceeds with this motion to amend findings, thus due to newly discovered constitutional violations to the plaintiff by the defendants.

### PROSECUTORIAL MISCONDUCT

1. On July 27, 2004, District Attorney William Bennett, allowed his assistant Catherine Higgins to disclose plaintiffs criminal record to grand jury for indictment purposes.

2. Not only did Assistant District Attorney Higgins disclose plaintiffs criminal record to the grand jury, she also showed the grand jury a charge that the plaintiff was never convicted of.

3. The plaintiff was charged with an alleged armed robbery on September 16, 2002. The victim in that case was discovered to have fabricated the said armed robbery. The armed robbery charge was ultimately dropped to "larceny over 250", and the armed robbery charge itself was ultimately dismissed.

4. A.D.A. Higgins did not show the grand jury the lessor charge of "larceny over 250", that the plaintiff was eventually convicted of.

5. A.D.A. Higgins was not allowed to disclose plaintiffs criminal record at all according to law. A.D.A. Higgins withheld exculpatory evidence to indict plaintiff.

6. This practice is illegal and a violation of plaintiffs clearly established rights to "Due Process" under the United States Constitution as well as the Constitution of Massachusetts.

PAGE 2, RIBEIRO V. HOLYOKE POLICE DEPT., et al.

7. Defendants actions were egregious, malicious and intentional. Defendant District Attorney William Bennett allowed this miscarriage of justice to occur. William Bennett oversees all indictments that are conducted and prosecuted by his assistants. William Bennett and his assistants are experienced attorney's and they know this practice is illegal. William Bennett and his assistants violated their "code of ethics" as employees of The Commonwealth of Massachusetts.

8. Many of the accused being prosecuted on the Superior Court level have been victims of this illegal practice of disclosing criminal records to grand juries for indictment purposes.

9. Prosecutors are "stacking the jury" against minority defendants, 100% of the time.

## POLICE MISCONDUCT

10. On July 12, 2004, the plaintiff was falsely arrested and wrongfully incarcerated in regards to police bringing the plaintiff to the scene of a crime for a "show up" identification where alleged perpertrator committed armed robbery. The plaintiff was handcuffed in the back seat of a police cruiser with the window up, sun glaring through the glass. The victim stated to the police that he was not sure if the plaintiff was the perpetrator. This confrontation is a violation of plaintiff's right to "Due Process" which is guaranteed by both Constitutions of The United States of America and Massachusetts, thus according to The Supreme Judicial Court. The police told the victim, "yeah that's him"! Police attempted to forcefully put mask on plaintiff that was worn by the perpertrator of the said crime. The plaintiff was moving and screaming trying to avoid the officer from putting the mask on the plaintiff. The plaintiff was yelling at the police, "it was not me"! "You got the wrong guy!"

11. At this time the police were angry and shouted racial slurs at the plaintiff. "We got you spic"! "People like you ruin our city"! Then police proceeded to threaten the plaintiff. The plaintiff being extremely terrified at this point.

**PAGE 3, RIBEIRO V. HOLYOKE POLICE DEPARTMENT, et al.**

12. Police never conducted a photo array to the victim of the plaintiff for identification. Police never conducted a "line up" of plaintiff for the victim. This practice violates the plaintiff's right under the 5th Amendment of The United States Constitution, as well as the Constitution of The Commonwealth of Massachusetts to "DUE PROCESS". Utilizing these proceedures, could have avoided the plaintiff's wrongful incarceration.

13. Police fabricated police reports in regards to the plaintiff being read his Miranda Warning. Police lied about plaintiff signing his Miranda Warning Card. The plaintiff was never read any rights and the plaintiff never signed anything saying he was. Police lied in the report stating that the plaintiff used the telephone. The plaintiff never used the telephone. Police can not produce a signature on the Miranda Warning Card, just as they can not produce telephone records stating that there was a telephone call made, as indicated in the police report. Conflicting statements in the police report indicate police are liars, and are attempting to "cover up" police misconduct. Police indicate in report, that "Officer Donze, read plaintiff his Miranda Warning Rights". Then it says, "Officer Briant read plaintiff his Miranda Warning Rights". Then it says, "Lt. Michael Higgins, read plaintiff his Miranda Warning Rights". Which one is it, or who actually read the plaintiff his rights? Is it police proceedure to have three officers read an individual his rights?

14. Plaintiff ordered his grand jury transcripts back in September of 2004. Plaintiff's grand jury transcripts are mailed to him in mid November of 2004. The envelope that the transcripts came in have no address where they were mailed from. The plaintiff told his attorney in a phone conversation that plaintiff had discovered that A.D.A. Higgins disclosed a charge to the grand jury that plaintiff was not convicted of. Plaintiff's attorney was the only person that the plaintiff spoke to about this prosecutorial misconduct.

15. The plaintiff strongly believes that Edward Fogarty (plaintiff's court appointed counsel), told prosecutor about plaintiff discovering prosecutorial misconduct in grand jury transcripts, because the transcripts are altered and have conflicting evidence presentation. Prosecutors are not supposed to disclose criminal records to grand juries at all for indictment purposes (according to law). However, even though grand jury transcripts are altered to "cover up" prosecutorial misconduct, plaintiff has the proof that prosecutors disclosed a charge to the grand jury that the plaintiff was never convicted of.

PAGE 4, RIBEIRO V. HOLYOKE POLICE DEPARTMENT, et al.

16. When the plaintiff requested his police reports from his attorney (Edward Fogarty) those reports came with the attorney's return address on them. When the plaintiff received the altered grand jury transcripts they came without the return address of the plaintiff's attorney.

17. The victim/witness of alleged armed robbery (that plaintiff is currently charged and detained for) did not testify at the grand jury hearing for indictment proceedings. Plaintiff's attorney filed a motion in August of 2004, for the plaintiff to be re-identified by the victim. The plaintiff was never produced in court for said identification. Victim/witness is not coming to court because victim knows that plaintiff may not be the perpetrator who in fact robbed the victim. If the victim does not appear in court or pursue charges, the case will have to be dismissed. The prosecutor knows that the victim is not showing up for court and he is not pursuing charges.

18. Prosecutor is maliciously detaining the plaintiff, knowing that this case is going nowhere. plaintiff has been incarcerated since July 12, 2004. How long does the plaintiff have to be ilegally detained and wrongfully incarcerated before the prosecutor finally dismisses the charges against the plaintiff?

19. Police found gun in trash in building with no fingerprints to link the gun to plaintiff. Plaintiff was arrested in a high crime neighborhood (downtown Holyoke). There are many hispanic people in downtown Holyoke that have a similar discription to the plaintiff.

20. The plaintiff has discovered all violations of his said rights through intense legal research. Plaintiff will present all evidence and case law to support plaitinff's claims in the discovery phase of this civil litigation.

### RELIEF SOUGHT

The plaintiff wishes to sue each defendant in their persoanl and official capacities.

The defendant's violated the plaintiff's clearly established rights with mailicious intent.

The plaintiff humbly demands the sum of (Ten Million American Dollars $10,000,000), again in US currency awarded for violations of rights and due to damages specified.

The plaintiff also seeks punitive damages against the defendant's, for;

PAGE 5, RIBEIRO V. HOLYOKE POLICE DEPARTMENT, et al.

plaintiff suffers mental anguish, mental stress, duress, pain and suffering, depression, anxiety, malicious prosecution, wrongful incarceration, false arrest, racial profiling, racial slurs, racial epithets, unreasonable bail.

The plaintiff has physical and psychological problems. The plaintiff takes medication for said ailments.

The plaintiff requests of this Honorable Court for the immediate release of the plaintiff from custody, if the plaintiff is still incarcerated, and any other relief this court may deem just and appropriate.

### CLOSING

In closing the plaintiff hereby demands a trial by judge. The plaintiff also hopes and prays that this Honorable Court will see the prejudices and the abuses, along with the misuses of power that the defendants used and subjected the plaintiff to, which in turn caused him damages, the most severe being his violation of the 8th Amendment and the 5th Amendment of the United States Constitution. The very document here to protect us citizens of this Great Country.

RESPECTFULLY SUBMITTED,

12-18-04
DATE

David Ribeiro
DAVID RIBEIRO, PRO SE