UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID REBEIRO,<br>                Plaintiff<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY<br>PAUL M. KELLY, JAMES D. BRIANT,<br>MICHAEL HIGGINS, HOLYOKE POLICE<br>DEPARTMENT, DISTRICT ATTORNEY<br>WILLIAM BENNETT, COMMONWEALTH OF<br>MASSACHUSETTS and the CITY OF HOLYOKE,<br>                Defendants | CIVIL ACTION<br>NO. 04-30201-KPN |

**ANSWER OF DEFENDANTS DAVID S. USHER, MARTIN W. NARY, JAMES D. BRIANT AND THE CITY OF HOLYOKE**

1. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph one of the complaint.

2. The defendants admit the allegations in paragraph two of the complaint.

3. The defendants admit the allegations in paragraph three of the complaint.

4. The defendants admit the allegations in paragraph four of the complaint.

5. The defendants admit the allegations in paragraph five of the complaint.

6. The defendants admit the allegations of paragraph six of the complaint.

7. The defendants admit the allegations of paragraph seven of the complaint.

8. The defendants admit that the above three defendants are employed by the defendant City of Holyoke, but deny the remaining allegations of paragraph eight of the complaint.

**JURISDICTION**

9. The allegations in paragraph nine of the complaint are jurisdictional statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

**FACTS**

10. The defendants deny the allegations in paragraph ten of the complaint.

11. The defendants deny the allegations in paragraph eleven of the complaint.

12. The defendants admit that District Attorney William Bennett is pursuing a criminal case against the plaintiff, but deny the remaining allegations in paragraph twelve of the complaint.
13. The defendants deny the allegations in paragraph thirteen of the complaint.
14. The defendants deny the allegations in paragraph fourteen of the complaint.
15. The defendants deny the allegations in paragraph fifteen of the complaint.
16. The defendants are without sufficient knowledge to admit or deny the allegations in paragraph sixteen of the complaint.
17. The defendants deny the allegations in paragraph seventeen of the complaint.
18. The defendants deny the allegations in paragraph eighteen of the complaint.
19. The allegations set forth in paragraph nineteen of the complaint are prayers for relief not requiring a response by the defendants. To the extent said allegations require a response the same are denied.
20. The allegations set forth in paragraph twenty of the complaint are prayers for relief not requiring a response by the defendants. To the extent said allegations require a response the same are denied.
21. The defendants deny the allegations in paragraph twenty-one of the complaint.

### FIRST AFFIRMITIVE DEFENSE
The plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
The defendants actions were justified.

### THIRD AFFIRMATIVE DEFENSE
The plaintiff is barred from recovery by collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE
The defendants acted out of necessity.

### FIFTH AFFIRMATIVE DEFENSE
The defendants acted in good faith and with probable cause.

### SIXTH AFFIRMATIVE DEFENSE
The defendants have qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE
The defendants are immune from suit.

### EIGHTH AFFIRMATIVE DEFENSE

Each defendant acted within the scope of his employment and is immune from suit.

### NINTH AFFIRMATIVE DEFENSE

The defendants acted in a good faith reliance on legislative and statutory authority.

### TENTH AFFIRMATIVE DEFENSE

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE** the defendants request the Court to enter judgment in their favor and award them their costs.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES

David S. Usher, Martin W. Narey, James D. Briant and the City of Holyoke, by their attorneys

*/s/ Charles P. Lavelle*
_____
Charles P. Lavelle
BBO No. 288420
Staff Attorney

*[signature]*
Karen T. Betournay
BBO No. 550724
City Solicitor
City of Holyoke Law Department
20 Korean Veterans Plaza
Holyoke, MA 01040
(413) 322-5580

## CERTIFICATE OF SERVICE

I hereby certify that I have served on the date entered below a copy of the foregoing document by First Class Mail, postage prepaid, to:

David Ribeiro, Pro se
629 Randall Road
Ludlow, MA 01056

William P. O'Neal, Esq.
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Austin M. Joyce, Esq.
Edward R. Reardon, P.C.
397 Grove Street
Worcester, MA 01605

DATE: Dec. 23, 2004

*[signature]*
Charles P. Lavelle