UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO,<br>      Plaintiff,<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, DISTRICT ATTORNEY WILLIAM<br>BENNETT, HOLYOKE POLICE DEPARTMENT,<br>COMMONWEALTH OF MASSACHUSETTS and<br>CITY OF HOLYOKE<br>      Defendants. | CIVIL ACTION<br>NO. 04-30201-KPN |

### MOTION OF DEFENDANTS, MICHAEL HIGGINS AND PAUL KELLY, FOR LEAVE OF COURT PURSUANT TO FED.R.CIV.P. 30(a)(2) TO DEPOSE THE PLAINTIFF

Now come the defendants, Michael Higgins and Paul M. Kelly, by and through their undersigned counsel, and pursuant to Fed.R.Civ.P. 30(a)(2), hereby move this Honorable Court for leave to depose the plaintiff. As grounds therefore, the defendants state the following:

1. The plaintiff was arrested on July 12, 2004 by members of the Holyoke Police Department on charges of armed robbery while masked, M.G.L. c. 265 § 17, unlawfully carrying a firearm, M.G.L. c. 269 § 10(a) and unlawfully possessing ammunition, M.G.L. c. 269, § 10(h).

2. Since the plaintiff's arrest he has been held in custody at Hampden County Jail and House of Correction and Correctional Center at Stony Brook, 627 Randall Road, Ludlow, Massachusetts 01056.

3. It is unlikely that the plaintiff will make bail and will remain in the custody of the Hampden County Jail and House of Correction until the time of his trial, which is scheduled for March 21, 2005.

4. The plaintiff filed a complaint on October 8, 2004 alleging violations of his constitutional rights because of prosecutorial misconduct and police misconduct stemming from his

July 12, 2004 arrest by officers of the Holyoke Police Department.

5. The plaintiff has brought this action without counsel and while in the custody of the Hampden County Jail and House of Correction.

6. The plaintiff's complaint makes vague accusations about "the police" and their alleged misconduct without specifically identifying all the individual officer's actions that violated his constitutional rights.

7. In order for the defendants to adequately defend themselves and to present any qualified immunity defenses they must know what activity the plaintiff is alleging against them that he claims amounted to a violation of his constitutional rights, instead of a blanket allegation of police misconduct.

8. In order to obtain the necessary information, the defendants now seek to depose the plaintiff pursuant to Fed.R.Civ.P.30(a)(2) which requires that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison."

9. In support of the request to depose the plaintiff the defendants would point out to the Court that pursuant to Fed.R.Civ.P.26(a)(1) and Fed.R.Civ.P.26(a)(1)(E)(iii) an action of this nature falls with the categories of proceeding which are exempted from initial disclosure because it has been brought without counsel by a person in custody of he United States, a state or a state subdivision.

WHEREFORE, the Defendants respectfully request this Honorable Court grant leave of court to depose the plaintiff at the Hampden County Jail and House of Corrections and Correctional Center.

Michael Higgins and Paul Kelly
By their attorneys,

/s/ John K. Vigliotti
Austin M. Joyce,
BBO#: 255040
John K. Vigliotti
BBO#642337
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

## CERTIFICATE OF SERVICE

I, John K. Vigliotti, hereby certify that a true and correct copy of Motion of Defendants, Michael Higgins and Paul Kelly, For Leave of Court to Depose Plaintiff was served, via U.S. Mail, first class postage prepaid, on this 12th day of January, 2005, to the following:

David Ribeiro, Pro se
629 Randall Road
Ludlow, MA 01056

William P. O'Neil, Esq.
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Charles Lavelle, Esq.
Holyoke Law Department
563 Dwight Street
Holyoke, MA 01040

/s/ John K.Vigliotti
John K. Vigliotti, Esq.