United States District Court
District of Massachusetts

David Ribeiro,
    Plaintiff,

V,
                            Docket No: 04-30201-KPN

The Commonwealth of Massachusetts, et al.,
    Defendants.

## Motion to Amend

Now, here comes the plaintiff, David Ribeiro, and he is asking for leave of this Honorable Court to amend his complaint, in accordance with The Federal Rules of Civil Procedures.

The plaintiff is a Pro Se litigant, whose Constitutional and Civil Rights have been violated by the defendants in this action. He is inexperienced and has lack of knowledge in the areas of civil litigation and this court. Due to his inexperience and lack of knowledge, he has erred in the writing of his complaint.

1) He has understated the jurisdiction of this court, he stated jurisdiction under 28 USC 2254, while that is acceptable for release from wrongful incarceration, he is also requesting injunctive and monetary relief. Therefore, he wishes to change the jurisdiction allowing this Honorable Court to hear this action under 42 USC 1983 as well as under 28 USC 2254.
2) The plaintiff also neglected to name two defendants, two other Holyoke Police Officers who had a hand in the violations of his Civil and Constitutional Rights. Therefore, he wishes to add those two officers as defendants.

Wherefore, the plaintiff requests that this Honorable Court allow his motion to amend. Amended complaint is attached.

Page 2.

                    Respectfully submitted,

                    *David Ribeiro*
                    David Ribeiro, Pro Se
                    629 Randall Road
                    Ludlow, MA 01056
                    DATED 2-4-05

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30201-KPN

DAVID RIBEIRO, PLAINTIFF, PRO SE,

v.

THE COMMONWEALTH OF MASSACHUSETTS,
THE HAMPDEN COUNTY DISTRICT ATTORNEY'S OFFICE,
WILLIAM BENNETT; HAMPDEN COUNTY DISTRICT ATTORNEY,
CATHERINE HIGGINS; ASSISTANT HAMPDEN COUNTY DISTRICT ATTORNEY,
THE CITY OF HOLYOKE,
THE HOLYOKE POLICE DEPARTMENT,
HOLYOKE POLICE LIEUTENANT MICHAEL HIGGINS,
HOLYOKE POLICE OFFICERS: DAVID USHER,
MARTIN W. NAREY, PAUL M. KELLY,
JAMES D. BRIANT, EMIL MORALES,
AND OFFICER DONZE,
DEFENDANTS.

Ribeiro V. The Commonwealth of Massachusetts. et al., Page 1.

### Plaintiff

1) The plaintiff, David Ribeiro, is a resident of Holyoke, Massachusetts, and a citizen of the United States of America, who's fifth, sixth, eighth, and fourteenth Amendments to the United States Constitution have been violated by the defendants in this action, in various ways, while they were acting under the color of law. in additon, there were in fact certain Civil Rights violations which also resulted in damages to the plaintiff.

### Defendants

2) The Commonwealth of Massachusetts, as the employer and empowerer of District Attorney William Bennett, Catherine Higgins; Assistant District Attorney, and the remaining defendants namely employees of The Holyoke Police Department named in this action, should be held liable for the actions and inactions of it's employees, when those employees acting under the color of law did in fact violate the plaintiff's Constitutional and Civil Rights, which is exactly what happened in this case. Therefore The Commonwealth of Massachusetts is properly named as a defendant in this action.

3) The Hampden County District Attorney's Office, as empowerer and employer of District Attorney William Bennet, and Catherine Higgins; Assistant District Attorney Hampden County, should be held liable for the actions and inactions of their employees, especially when these action while the employee was acting under the color of law, as was so in this case. Two defendants who are employed by this office have clearly violated the Constitutional and Civil Rights of the plaintiff, while acting under the color of law. Therefore The Hampden County District Attorney's Office is properly named as a defendant in this action.

4) William Bennett; a citizen of The United States of America and an employee of The Commonwealth of Massachusetts, as The Hampden County District Attorney, is clearly responsible for the actions or inactions of his staff, namely Catherine Higgins, he is also liable for her actions while she is acting under the color of law. He is clearly responsible to make certain that each and every criminal defendant gets a fair shake, and if the defendants rights have been violated then he has the responsibility to take certain actions. He has allowed his

**Ribeiro V. The Commonwealth of Massachusetts, et al., page 2.**

staff to violate the rights of the plaintiff in this action, Constitutional Rights as well as Civil Rights, therefore he is properly named as a defendant.

5) Catherine Higgins; a citizen of The United States of America, and an employee of The Commonwealth of Massachusetts, as an Assistant District Attorney of Hampden County, acting under the color of law, clearly violated the plaintiff's Constitutional Rights to "Due Process", when she during a Grand Jury proceeding showed documentation of a past charge from 2002, which was an armed robbery charge, which was in fact dismissed and eventually the plaintiff was convicted of "Larceny over $250". It is in clear violation for anything to be presented to the Grand Jury in regards to a past criminal history if it is not directly related to the charges at hand. to further this, A.D.A. Higgins, never showed the Grand Jury the actual fact that the charge of armed robbery was dropped and the plaintiff was convicted of "Larceny over $250". This was clearly stacking the deck against the plaintiff in violation of the plaintiff's fifth and fourteenth Amendment Rights, guaranteed by the U.S. Constitution. In addition, the fact that these charges are being pursued by the District Attorney's Office when there have been no positive identifications made by the victim that the plaintiff is the one who robbed him. It is the responsibility of the District Attorney's Office ethically as well as legally that if information in an indictment is untrue or incorrect for the district attorney to come forward. The prosecution is clearly relying on the word of officers who are clearly lying. Also, A.D.A. Higgins requested excessive bail, and the Commonwealth granted it, in violation of the 8th Amendment of the U.S. Constitution. Therefore A.D.A. Higgins is properly named as a defendant in this action.

6) The City of Holyoke, Massachusetts, is a part of the Commonwealth of Massachusetts, being a city within, and they are responsible for the hiring, firing, sanctioning, and training of their police force, therefore, the officers in this action while acting under the color of law having violated the plaintiffs Constitutional and Civil Rights, are responsible and liable for the actions of their employyes while acting in their official capacities. Therefore, the City of Holyoke is properly named as a defendant in this action.

**Ribeiro V. The Commonwealth of Massachusetts, et al, page 3.**

7)  The Holyoke Police Department, a department of the City of Holyoke, Massachusetts is responsible for the hiring, firing, sanctioning and training of it's police officers, therefore, when a police officer of that jurisdiction violates the Constitutional or Civil Rights of an individual as the officers in this action did, while in their official capacities, acting under the color of law, not only is The City of Holyoke responsible and liable for those actions, but also The Holyoke Police Department is also responsible and liable for the actions of it's police officers.

8)  Chief Scott, Chief of Police, Holyoke Police Department, is a citizen of The United States of America and an employee within The Commonwealth of Massachusetts, Chief Scott is clearly responsible for the training, actions and inactions of his staff while they are acting in their official capacities and while acting under the color of law. When his staff while in their official capacities violated the plaintiff's Constitutional and Civil Rights, he is clearly responsible and liable for the actions of his staff, therefore Chief Scott is properly named as a defendant in this action.

9)  Holyoke Police Lieutenant, Michael Higgins, is a citizen of The United States of America, and an employee of the Commonwealth of Massachusetts, and he did violate the plaintiff's Constitutional and Civil Rights by not allowing the plaintiff to make a telephone call when he was brought to the Holyoke Police Station, in violation of his right to an attorney, and "Due Process". Therefore Lieutenant Higgins is properly named as a defendant in this action, as he was acting under the color of law, in his personal and professional capacities.

10)  Holyoke Police Officer, David Usher, a citizen of The United States of America and an employee within the Commonwealth of Massachusetts, has clearly violated the plaintiff's Constitutional and Civil rights. He has had the plaintiff brought before the victim of a crime and improperly identified, in violation of the plaintiff' right to "Due Process". He made racial slurs toward the plaintiff, indicating racism, he has refused the plaintiff a telephone call. Therefore, Officer Usher is properly named as a defendant in this action, for actin under the color of law, in his personal and professional capacities did violate rights of the plaintiff, where the plaintiff suffered damages.

**Ribeiro V. The Commonwealth of Massachusetts, et al., Page 4.**

11) Holyoke Police Officer, Martin W, Narey, is a citizen of The United States of America and an employee within the Commonwealth of Massachusetts, who while acting under the color of law, in his personal and professional capacities has violated the plaintiff's Constitutional and Civil Rights. He has had the plaintiff brought before the victim of a crime in the back of a police cruiser for the purposes of identification, he has refused the plaintiff a telephone call, he has made racial slurs towards the plaintiff. Respectively violating his right to "Due Process", access to an attorney, and racism.

12) Holyoke Police Officer, Paul M. Kelly, is a citizen of The United States of America and is employed within the Commonwealth of Massachusetts, and while acting in his official and personal capacities has violated the plaintiff's Constitutional and Civil Rights. He has had the plaintiff brought before a victim of a crime in the back of a police cruiser for the purposes of identification. He has refused the plaintiff a telephone call once arrested. He has not read the plaintiff his Miranda Warning and in fact has questioned him, and he has made racial slurs toward the plaintiff. Therefore, Officer Kelly is properly named as a defendant in this action.

13) Holyoke Police Officer, James D. Briant, is a citizen of The United States of America, and is employed within the Commonwealth of Massachusetts, and while he was acting under the color of law, in his personal and professional capacities has in fact violated the plaintiff's Constitutional and Civil Rights. He has had the plaintiff brought before the victim of a crime in the back of a police cruiser for the purposes of identification, he has refused the plaintiff a telephone call, he has made racial slurs toward the plaintiff, and he has neglected to read the plaintiff his Miranda Warning and in fact questioned him. In violation of the plaintiff's right to "Due Process", to an attorney, and to racism. Therefore, Officer Briant is properly named as a defendant in this action.

14) Holyoke Police Officer, Emil Morales, is a citizen of the United States of America, and is employed within the Commonwealth of Massachusetts, while acting under the color of law, and in his personal and official capacity did violate the Constitutional and Civil Rights of the plaintiff. He brought the plaintiff before the victim of a crime for identification while the plaintiff was in the back of a police cruiser, he refused the plaintiff access to a telephone,                          and he neglected to read the plaintiff his Miranda Warning rights. In violation of the Plaintiff's rights to "Due Process",

Ribeiro V. The Commonwealth Of Massachusetts, et al., Page 5.

to an attorney, and did not follow procedures, are all violations. Therefore, Officer Emil Morales is properly named as a defendant in this action.

15) Holyoke Police Officer Donze, is a citizen of The United States of America, and an employed within The Commonwealth of Massachusetts, and while acting under the color of law, and in his official and personal capacities did in fact violate the plaintiff's Constitutional and Civil Rights. He brought the plaintiff before the victim of a crime in the back of a police cruiser to be identified, he refused the plaintiff a telephone call, he failed to read the plaintiff his Miranda Warning, and he made racial slurs towards the plaintiff. Violating his rights to "Due Process", rights to a lawyer, making racial slurs and or remarks. Therefore, Officer Donze is properly named as a defendant in this action.

**ALL DEFENDANTS ARE BEING SUED IN THEIR PROFESSIONAL (OFFICIAL) AS WELL AS THEIR PERSONAL CAPACITIES.**

### JURISDICTION

16) This Honorable Court has jurisdiction pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 2254.

## STATEMENT OF FACTS

17) David Ribeiro, the plaintiff, hereby states that he has suffered damages due to the actions or inactions of defendants in this action, whom while acting under the color of law when the violations of Constitutional Rights and Civil Rights violations occurred. The plaintiff hereby gives the following statement of facts that led to and included the violations of his rights and being.

18) On July 12, 2004, at approximately 6:30 AM, at 21 Worcester Place, in Holyoke, Massachusetts, the plaintiff was on his way to work when he stopped to purchase marijuana at the above listed address.

19) Suddenly, Holyoke Police stormed the building with guns drawn. They told the plaintiff to show his hands and immediately the plaintiff complied.

20) Holyoke Police proceeded to handcuff, and place the plaintiff in the rear of a police cruiser.

21) The police searched the building where they found a gun, the clothes worn by the perpetrator of a crime (later to be discovered to the plaintiff as an armed robbery), and some money was found. All of the items were supposedly found in some trash in the building.

22) The police proceeded to question the plaintiff about the gun that they found. The plaintiff strongly denied any knowledge of the gun or any of the items found. One of the officers, insisted the gun belonged to the plaintiff.

23) The police then drove the plaintiff to the scene of the crime where the victim was. The victims name is Syed Masood.

24) While the plaintiff was handcuffed in the rear of the police cruiser, police asked the victim to identify the plaintiff as the perpetrator of the crime. This form of identification is in clear violation of the plaitiff's rights, because it is highly suggestive and higly prejudicial.

25) The victim shook his head from left to right as if he was not sure if the plaintiff was in fact the perpetrator of the crime.

26) The plaintiff was never presented to the victim in a photo array, or a line up, which would be acceptable proceedure in a case like this. It would also be proper proceedure.

Case 3:04-cv-30201-MAP    Document 20    Filed 02/10/2005    Page 10 of 20

Ribeiro v. The Commonwealth of Massachusetts, et al., Page 7.

PAGE 2, STATEMENT OF FACTS.

27) Police then stated to the victim, "yeah, that's him".

28) At this point, one of the officers attempted to place the mask that was allegedly used in the robbery on the plaintiff.

29) This along with the officers method for the victim to identify the plaintiff as the perpetrator is highly prejudicial and suggestive and it violates the plaintiff's rights to "Due Process".

30) The plaintiff started to move and scream, saying, "it wasn't me, you got the wrong guy!"

31) This is when the officers started calling the plaintiff "spic", more specifically he said, "we got you spic, people like you ruin our city". This a clear civil rights violation.

32) The officers at this point were getting angry, that the plaintiff would not comply with the defendants trying to violate his rights with their shotty identification proceedures.

33) The officers threatened the plaintiff with violence. The plaintiff was intimidated and even terrified of these officers.

34) During the questioning, the scharade to identify the plaintiff as the perpetrator, the arrest, the booking, the arraignment, the second arraignment until the date of this complaint, the plaintiff was in fact never read his Miranda Warning Rights, in clear violation of his rights.

35) The plaintiff was taken to the Holyoke Police Department and booked on charges of Armed Robbery, then taken to the Holyoke District Court and arraigned on those very same charges, and a cash bail was set at $50,000, false arrest, wrongful incarceration, and excessive bail.

36) At the Holyoke Police Department, the plaintiff requested a telephone call and he was denied this request, in clear violation of his rights to counsel.

37) In the police reports written by officers of the Holyoke Police Department also defendants in this action, the officers did some really creative writing, not to mention, out and out lying. The officers stated that the plaintiff was read his Miranda Warning, not by 1, but by 3 officers of the Holyoke Police Department (Officers Briant, Donze and Lt. Higgins), and the Miranda Warning Card was read by one officer and was witnessed by another officer, who signed it as such, and put the card into evidence. The Holyoke Police Department have yet to produce anything with the plaintiff's signature on it.

Case 3:04-cv-30201-MAP   Document 20   Filed 02/10/2005   Page 11 of 20

Ribeiro V. The Commonwealth of Massachusetts, et al., Page 8.

PAGE 3, STATEMENT OF FACTS.

38) These same police officers stated in their police reports that the plaintiff was given a telephone call, yet another lie, and it was requested by the plaintiff, in violation of the plaintiff's right to counsel.

39) On July 27, 2004, there was a Grand jury hearing on the plaintiff's criminal case. The prosecution could not find the victim to testify before the Grand Jury.

40) Also, on July 27, 2004, in a desperate attempt to gain an indictment, Assistant District Attorney Higgins disclosed to the Grand Jury an Armed Robbery charge, where the plaintiff was named as a defendant, that charge was in fact dismissed, the fact of showing the past charge is in violation of "Due Process".

41) The plaintiff was in fact convicted of a lesser charge, "Larceny over $250". Which in fact, A.D.A. Higgins, never told the Grand Jury. A.D.A. Higgins, clearly stacked the deck against the plaintiff. The complete facts were not presented to the Grand Jury in violation of "Due Process".

42) When the plaintiff was arraigned in Hampden Superior Court on these charges, bail again was set at $50,000 cash, as to what A.D.A. Higgins requested. A bail that is very excessive, in violation of the plaintiff's rights.

43) On September 8, 2004, the victim was to appear in Hampden Superior Court to identify the plaintiff as the perpetrator of the crime. The victim never showed up in court, yet the prosecution still holds the plaintiff on a very large bail, this also, violating the plaintiff's rights.

44) If there is no one to identify the plaintiff as the perpetrator, which was attempted twice, there can be no criminal conviction. A conviction on circumstancial evidence is not sufficient in a criminal trial. For the defendants to hold the plaintiff in custody is clearly wrong.

45) The plaintiff was in the wrong place at the wrong time, the Holyoke Police needed to pin the crime on someone, anyone. So the defendants in this action, overzealous police as they stated to the plaintiff, that they were trying to better their city, by taking just another "spic" off of the streets, as they so eloquently put it. This clearly violating civil rights of the plaintiff.

46) Leading to this false arrest and imprisonment as well as Constitutional Rights and Civil Rights violations.

PAGE 4, STATEMENT OF FACTS.

47) The plaintiff wishes to sue each defendant in his or her personal as well as official capacities for damages incurred by the plaintiff, caused directly by the defendants whom were acting under the color of law.

48) In closing the defendants are clearly guilty of causing the plaintiff damages, and because of their positions, they think they are above the law. A message needs to be sent to law enforcement officials and to prosecutors that this type of conduct mentioned in this complaint will not be tollerated.

49) The defendant is also being maliciously prosecuted by the Hampden County District Attorney's Office, William Bennett, and Catherine Higgins.

## DAMAGES

Due to violations of the plaintiff's Constitutional Rights, namely his Fifth and Fourteenth Amendment Rights to "DUE PROCESS", his Sixth Amendment Right to Counsel, his Eighth Amendment Right to be free from excessive bail, all in fact guaranteed by The United States Constitution. The plaintiff in this action has also suffered discrimination, to the point where he was actually called names by the arresting officers. The defendants in this action took from the plaintiff something that no individual or sovereign has the right to take. His Consitutional and Civil Rights, and because of the defendants actions while acting under the color of law, in their official and personal capacities has clearly suffered damages which were in direct result of the defendants actions or inactions. These damages are:

1) Wrongful incarceration.
2) Malicious prosecution.
3) Pain and suffering.
4) Emotionally and psychologically distraught.
5) The plaintiff was denigrated because of racial slurs.
6) Psychological and emotional anguish.
7) Loss of job.

Ribeiro V. The Commonwealth of Massachusetts, et al, Page 10.

### RELIEF SOUGHT

Due to the damages the plaintiff has suffered at the hands of the defendants while acting under the color of law, in their official and personal capacities, the plaintiff requests of This Honorable Court for the following relief:

1) A preliminary injunction requiring the Hampden County District Attorney's Office and The Commonwealth of Massachusetts to not just prosecute any defendant, anyone who the police drop in their lap. Police are human also, they lie (as in this case), sheat and steal, but for the District Attorney's Office to evaluate the evidence. Circumstancial evidence does not equate with a criminal conviction and this is exactly what the prosecution has in this case (CIRCUMSTANCIAL EVIDENCE). For the prosecution to proceed with a case only on circumstancial evidence is in fact a violation of "DUE PROCESS".

2) A preliminary injunction to make the Holyoke Police Department and The City of Holyoke to get signatures of a suspect in a criminal case that they were offered and given a telephone call, as well as being read their Miranda Warning Rights and understanding those rights. Not for one officer to read those rights and another officer to sign as a witness.

3) A preliminary injunction to stop The Hampden County District Attorney's Office from requesting excessive bail and for The Commonwealth of Massachusetts from setting excessive bails. The seriousness of the crime and the defendants likelihood to show up at court for trial, are the only two things that should be considered (is the defendant a threat to society).

4) A preliminary injunction for The City of Holyoke and The Holyoke Police Department and Chief Scott, to investigate and sanction officers accused of civil rights and Constitutional Rights violations, whether they are due to hate, prejudice, or whatever the cause, there is clearly no room for racism or prejudices in law enforcement.

5) The plaintiff requests of this Honorable Court the sum of $10 million American Dollars for damages that the defendants caused while acting under the color of law in their official capacities.

Ribeiro V. The Commonwealth of Massachusetts, et al.    Page 11.

    6)    The plaintiff would request of this Honorable Court a judgement in the amount of $1 American Dollar per defendant for damages incurred while the defendants where acting under the color of law in their personal capacities.

    7)    The plaintiff would respectfully request of this Honorable Court, for $1 American Dollar for punitive damages while the defendats where acting under the color of law.

    8)    Finally, the plaintiff would request of this Honorable Court to immediately be released from custody to end the Constitutional violations and this plaintiff's unnecessary pain and suffering.

In closing, the defendants because of the free hand they have been given because of their positions, have clearly, while acting under the color of law, in their official and personal capacities, violated the plaintiff's Constitutional and Civil rights, which resulted in damages to the plaintiff. Damages that no single or group of human beings should have to incurr, and no individual or sovereign has the right to inflict upon an individual, no matter what their position in a federal, state or local government.

Wherefore, the plaintiff hopes and prays that this Honorable Court grant all of the requested relief, plus whatever else this court deems appropriate.

Respectfully submitted,

Date: 2-4-05

David Ribeiro, Pro Se
629 Randall Road
Ludlow, MA  01056

NOTICE OF INTENTION

```
-------------------------------------
PLAINTIFF                            )
DAVID RIBEIRO, PRO SE.               )
       V.                            )
DEFENDANTS,                          )
DISTRICT ATTONEYS OFFICE,            )
DISTRICT ATTONEY WILLIAM BENNET,     )
HOLYOKE POLICE OFFICERS;             )
DAVID USHER, EMIL MORALES,           )
OFFICER DONZE, MARTIN W. NAREY       )
PAUL M. KELLY, JAMES D. BRIANT,      )
LT. MICHEAL HIGGINS, HOLYOKE POLICE  )
DEPT. CITY OF HOLYOKE,               )
COMMONWEALTH OF MASSACHUSETTS,       )
-------------------------------------
```

plaintiff David Ribeiro pro se respectfully proceeds with this notice intention to sue above named defendants pursuant to 42 u.s.c §1983, and the eleventh ammendment of THE UNITED STATES CONSTITUTION. The defendants are employed by the COMMONWEALTH OF MASSACHUSETTS, and THE CITY OF HOLYOKE, HOLYOKE POLICE DEPT.

SINCERELY YOURS

DAVID RIBEIRO, PRO SE.

*David Ribeiro*

DATE 2-4-05

United States District Court
District of Massachusetts

David Ribeiro,
    Plaintiff,

V,                              Docket No: 04-30201-KPN

The Commonwealth of Massachusetts, et al.,
    Defendants.

## Certificate of Service

I the plaintiff, David Ribeiro, hereby certify that I have served a true and correct copy of motion to amend, along with amended complaint and motion for appointment of counsel upon the defendants attorney's of record. This done by first class mail, through the United States Postal Service, on the date signed below. Service made to:

William P. O'Neil
Assistant Attorney General
1350 Main Street
Springfield, MA 01103,

Charles Lavelle, Karen Betourney,
Attorney's At Law
Holyoke Law Department
20 Korean Veterans Plaza
Holyoke, MA 01040,

And

Austin M. Joyce, John Vigliotti,
Attorney's At Law
Edward P. Reardon P.C.
Worchester, Ma 01605

DATED 2-4-05
DAVID RIBEIRO PRO SE.

David Ribeiro

SE

Page 2.

Respectfully,

*David Ribeiro* Date: 2-4-05
David Ribeiro, Pro Se
629 Randall Road
Ludlow, MA 01056

United States District Court
District of Massachusetts

David Ribeiro,
    Plaintiff,

V,                                                         Docket No: 04-30201-KPN

The Commonwealth of Massachusetts, et al.,
    Defendants.

## Motion for Appointment of Counsel

    Now, here comes the plaintiff, David Ribeiro, and he is asking of this Honorable Court for appointment of counsel. Even though there is no right to counsel in civil matters, the plaintiff requests counsel to be appointed for the following reasons;

1) The plaintiff is a lay person and inexperienced and has no knowledge when it comes to matters of law and litigation.
2) The plaintiff's Constitutional and Civil Rights have in fact been violated by the defendants and because he can not afford counsel, that is no excuse for the defendants to be allowed to get away with their inexcusable actions.
3) There has been an amendment already to this complaint, there is another one being requested, and possibly more to come. To avoid unnecessary delays and not to waste valuable court time is clearly another reason to allow this motion.

    This is clearly supposed to be a free country, innocent until proven guilty. This plaintiff from the onset of his criminal case, and before, has had the cards stacked against him, not by his actions but by the actions of the defendants in this case. Officers who lied, they violated his rights to "Due process", they made racial slurs and remarks, through to and including Assistant District Attorney's whom are maliciously prosecuting this plaintiff.

Page 2.

    With the plaintiff's lack of knowledge and inexperience with the laws and civil litigation, it is highly unlikely for him to win without assistance of counsel. Not to mention the complexities of this action.

    Wherefore, the plaintiff requests of this Honorable court to appoint counsel to assist him or even to just advise him in matters of law.

    The plaintiff hopes and prays that this court will allow this motion.

Respectfully submitted,

*David Ribeiro*  Date: 2-4-05
David Ribeiro, Pro Se
629 Randall Road
Ludlow, MA 01056

KEEFE COMMISSARY NETWORK SALES
ST LOUIS MO 63178-7490

```
NAME: RIBEIRO DAVID                                    ORDER DATE:    1/11/05
IPN: 400131571                                         ORDER NBR: 79635
LOCK: A4    TIER: D39    CELL:                         CPR NBR: 54502    1
SITE: HAMPDEN COUNTY JAIL COMMISSARY    273240 001     SEG FUND BAL:     2.37
                                                       PAGE:             1

                                                              ITEM      TOTAL
TIER LIST:    KEEFE                                          PRICE      PRICE
QTY  ITEM#   ITEM# ITEM DESCRIPTION
 4   1015    5752  SNICKERS BAR                              .55        2.20
                                                       SUB-TOTAL        2.20
                                                       SALES TAX         .00
                                                       ORDER TOTAL      2.20
                                                       FUND BALANCE      .17
```

LIST SHORTAGES AND/OR DAMAGES HERE:
LINE   QUANTITY   CATEGORY/DESCRIPTION

_(signature)_

_(signature: David Ribeiro)_    DATE 2-2-05

Indigency verification    DATE