UNITED STATES DISTRICT
COURT OF
MASSACUSSETTS

| | |
|---|---|
| PLAINTIFF, ) | |
| ---DAVID RIBEIRO, PRO SE ) | |
| V. ) | |
| HOLYOKE POLICE OFFICERS; ) | CIVIL ACTION NO. 30201-KPN |
| DAVID S. USHER, MARTIN W. NAREY, ) | |
| PAUL M. KELLY, JAMES D. BRIANT, ) | |
| LT. MICHEAL HIGGINS, DISTRICT ) | |
| ATTORNEY WILLIAM BENNETT, HOLYOKE) | DATE: |
| POLICE DEPT. CITY OF HOLYOKE, ) | |
| COMMONWEALTH OF MASSACHUSETTS; ) | |
| DEFENDANTS: ) | |

**PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO
PLAINTIFFS MOTION TO AMMEND COMPLAINT.**

Now here comes the plaintiff David Ribeiro pro se, to move this honorable court with this motion to respond and oppose defendants motion to oppose plaintiffs ammended complaint.
In support of such response, the defendants claim that plaintiff has not stated a claim which relief can be granted .
Plaintiff has stated many claims which relief can be granted. Defendants claim that plaintiff has accused HOLYOKE POLICE DEPT. as a blanket and not specically name each officer who violated plaintiffs civil and constitutional rights.

The defendants HOLYOKE POLICE DEPT. violated rights as a blanket and none of the officers stepped in to prevent other officers from violating plaintiff clearly established civil and constitutional rights. The officers worked collectively in violating the plaintiffs rights.

1) **AFFIRMATIVE VIOLATION,**
   Arresting officers never read plaintiff his miranda warning rights.
2) **AFFIRMATIVE VIOLATION,**
   Police never produced a miranda warning card for plaintiff to sign to verify that plaintiff was read his miranda warning rights.
3) **AFFIRMATIVE VIOLATION,**
   Officers lied about plaintiff signing miranda warning card.
4) **AFFIRMATIVE VIOLATION**
   Plaintiff had a statement suppression hearing on 2-17-05. police lied on stand and said plaintiff refused to sign miranda warning card.
5) **AFFIRMATIVE VIOLATION,**
   Police fabricated police report indicating that plaintiff signed miranda warning card, and that the card was placed into evidence.( police still have not produced any miranda card with plaintiffs signiture.
6) **AFFIRMATIVE VIOLATION,**
   Once plaintiff made police aware of their conflicting statements, police changed their story and said that plaintiff refused to sign miranda warning card.
7) **AFFIRMATIVE VIOLATION ,**
   Judge Curly at alledged statement suppression hearing said that he believes police even though police lied and perjured themselves.Police said plaintiff admitted to crime. P laintiff denied from the beginning of his arrest that plaintiff had anything to do with crime
8) **AFFIRMATIVE VIOLATION,**
   Why would plaintiff deny crime, admit to crime, and then say,"No I did not commit crime". T hat does not make sense.

9) AFFIRMATIVE VIOLATION,
   The police never recorded alledged statement. Plaintiff never signed a certified statement against himself.
10) AFFIRMATIVE VIOLATION,
   THE SUPREME JUDICIAL COURT SAYS THAT ANY ALLEDGED CONFESSION MUST BE ELECTRONICALLY RECORDED.(Police have no recording).
   "POLICE MUST ELECTRONICALLY RECORD ANY INTERROGATION OR QUESTIONING OF DEFENDANT, IF NOT, IT WOULD BE IN VIOLATION OF DUE PROCESS RIGHTS UNDER ARTICLE 12 OF THE MASSACHUSETTS DECLARATION OF RIGHTS M.G.L.A. 276 s.33a.
11) AFFIRMATIVE VIOLATION,
   Plaintiff never made any statement.
12) AFFIRMATIVE VIOLATION,
   Plaintiffs attorney(EDWARD FOGARTY public defender) is working with the prosecution in in criminal case to conspire to railroad plaintiff into a plea bargain.
13) AFFIRMATIVE VIOLATION,
   The prosecutor and plaintiffs attorney know that plaintiff has filed this civil action.
14) AFFIRMATIVE VIOLATION,
   The prosecutor is maliciously detaining plaintiff, knowing that there is no victim in case to testify against plaintiff.
15) AFFIRMATIVE VIOLATION,
   Plaintiff has a sixth ammendment right to cross examine primary witness/victim.
16) AFFIRMATIVE VIOLATION,        POLICE MISCONDUCT

   Police took plaintiff to scene of crime for a show up identification. victim stated to police that he was not sure if plaintiff was the person who robbed him.
17) AFFIRMATIVE VIOLATION,
   Police told victim, "yeah thats him".
18) AFFIRMATIVE VIOLATION,
   Officer Donze attemted to forcably put mask on plaintiff that was worn by perpatrator of crime.
19) AFFIRMATIVE VIOLATION,
   Plaintiff was moving trying to avoid cop from placing the mask on plaintiff.
   at this time officer Donze called plaintiff a"spic" and proceeded to say
   "peole like you ruin our city". Officer Donze then threatened plaintiff,specificly saying "You better coopperate with us".
20) AFFIRMATIVE VIOLATION,
   Plaintiff was extremely terrified at this point.
21) AFFIRMATIVE VIOLATION,
   Police never conducted a photo array. Police never conducted a line up of plaintiff to victim. These police procedures would have avoided plaintiffs false arrest and wrongful incarceration.
22) AFFIRMATIVE VIOLATION,
   MASSACHUSETTS GENERAL LAWS ANNOTAED,CONSTITUTION PREMABLE TO PART 1, ARTICLE 12 NOTE:242 CLEARLY STATES;"IDENTIFICATION OF THE ACCUSED FAIR TRIAL. DUE PROCESS RIGHT OF FAIR TRIAL IS VIOLATION WHEN TOTALITY OF CIRCUMSTANCES SURRONDING AN OUT OF COURT CONFRONTATION SHOWS THAT THERE IS VERY SUBSTANTIAL LIKELIHOOD OF MISIDENTIFICATION, IN THIS CONTEXT IS TIED WITH WORD CONFRONTATION WHICH CONNOTED A CALCULATED MOVE BY POLICE TO BRING ABOUT PRE-TRIAL OBSERVATIONS OF A SUSPECT BY AN EYEWITNESS".
   SEE COMMONWEALTH V. WALKER(1976) 350 N.E.2D 678, 370. MASS. 548 97 S. CT 363, 429 U.S. 943 50 L. E D .2D 314. also;SUPREME JUDICIAL COURT OF MASS. COMMONWEALTH V. JACKSON CITE AS MASS.386 NE. 2D 15. 9.) CRIMINAL LAW  KEY 339. 7(4) ,339.8(5)
   "PHOTOGRAPHS OF ONLY ONE PERSON SHOULD NOT BE SHOWN IN ABSENSE OF EXIGENT CIRCUMSTANCES: ALTHOUGH THERE IS NO PER SE RULE OF EXCLUSION, WHERE SINGLE PHOTOGRAPH IS SHOWN, ONE-TO-ONE CONFRONTATION, WEATHER IN PERSON OR BY PHOTOGRAPH IS DISFAVORED".
   also;"DEFENDANT IS ENTITLED TO RELIEF IF IDENTIFICATION PROCEDURE WAS SO UNNECESSARILY SUGGESTIVE AND CONDUCIVE TO IRREPARABLE MISTAKEN IDENTIFICATION THAT HE WAS DENIED DUE PROCESS OF LAW SEE: COMMONWEALTH V. SIMMONDS (1982)434N.E.2D 1270, 386 MASS. 234. COMONWEALTH V. MOON (1980) 405 N.E. 2D 947, 380 MASS 751. COMMONWEALTH V. VENIOUS,378 MASS.

29, 389 N.E 2D 395 (1979) "IF INITIAL IDENTIFICATION IS THE RESULT OF IMPROPER SUGGESTION BY POLICE , THAT IDENTIFICATION AND ALL REPETIONS OF IT MUST BE SUPPRESSED". COMMONWEALTH V. LEONARDI(1992) 604 N.E. 2 D 23, 413 MASS. 757.

23) AFFIRMATIVE VIOLATION,
Arresting officers did not allow plaintiff to us telephone. Police reports indicate that plaintiff used telephone.
Plaintiff was never allowed to make phone call after plaintiff requested to do so.

24) AFFIRMATIVE VIOLATION,
Police cannot produce phone record of plaintiff using the phone. conflicting statements in police report indicate plaintiff used the telephone.
MASS. PRACTICE CRIMINAL LAW#32 PAGE 20§26. PROCEDURES AFTER ARREST-TELEPHONE CALL:

"A PERSON HELD IN CUSTODY SHALL BE PERMITTED TO USE TELEPHONE AT HIS OWN EXSPENSE. THIS USE IS FOR THE PURPOSE OF ALLOWING THE ARRESTED PERSON TO COMMUNICATE WITH FAMILY OR FRIENDS OR TO ENGAGE THE SERVICES OF AN ATTORNEY OR ARRANGE RELEASE ON BAIL."
THE STATUTE REQUIERS THAT THE PERSON BE INFORMED OF HIS RIGHT TO USE PHONE UPON HIS ARRIVAL AT SUCH STATION OR PLACE OF DETENTION." "SUCH USE SHALL BE PERMITTED WITHIN ONE HOUR THEREAFTER".
"IF ARRESED PERSON IS INTENTIONALLY DEPRIVED OF HIS RIGHT TO USE TELEPHONE, EVIDENCE OBTAINED AS A RESULT OF SUCH INTENTIONAL DEPRIVATION SHALL BE SURPRESSED". THIS WOULD BE IN VIOLATION OF M.G.L.A. 276§33A STATE DECLARATION OF RIGHTS.

25) AFFIRMATIVE VIOLATION,
Prosecutors are maliciously prosecuting plaintiff due to the fact that primary witness/victim has not shown up for any court proceeding. Furthermore, witness/victim cannot be found. And prosecutors are still detaining plaintiff, even though defendants know that there is no case if there is no victim. Prosecutors know plaintiff has a sixth ammendment right under the u.s. constitution to cross examine any primary witness/victim. Prosecutors are suppose to come forward and drop charges when there is no victim/witness.
"IF THE GOVERNMENT BECOMES A LAWBREAKER, IT BREEDS CONTEMPT OF LAW; IT INVITES ANARCHY. TO DECLARE THAT IN THE ADMINISTRATIONOF THE CRIMINAL LAW THE END JUSTIFIES THE MEANS- TO DECLARE THAT THE GOVERNMENT MAY COMMIT CRIMES IN ORDER TO SECURE THE CONVICTION OF A PRIVITE DEFENDANT- WOULD BRING TERRIBLE RETRIBUTION." STATED BY JUDGE HOLMES: SEE OLMSTEAD V. U.S, 277 U.S 438, 485, 48 S. CT. 564, 72 L. ED. 944, 66 A.L.R 376(1928)( HOLMES J. DISSENTING) OVERRULED ON OTHER GROUNDS BY KATZ V. U.S, 389 U.S 347 ,88 S. CT. 507, 19 L. E. D. 2D 576(1976).

## PROSECUTORIAL MISCONDUCT

26) AFFIRMATIVE VIOLATION,
On 7-27-04 prosecutors conducted a grand jury indictment hearing on plaintiffs criminal case that plaintiff is currently being detained for. At said hearing, assistant district attorney Catherine Higgins violated plaintiffs due process rights by disclosing plaintiffs prior criminal history to grand jury for indictment purposes. The malicious and eggregious act that was committed by a.d.a Catherine Higgins was that she showed a charge of armed robbery to the grand jury that plaintiff was never convicted of. On september 16,2002 plaintiff was charged with an armed robbery

T hat armed robbery was ultimatly dismissed.A.D.A Catherine Higgins in a desperate attempt to secure an indictment(because victim did not show for his grand jury testimony)showed the grand jury the armed robbery charge.

MASS.CRIMINAL DEFENSE VOL.1 DISTRICT COURT AND PRE-TRIAL,

"THE PROSECUTORS INTENTIONAL PRESENTATION OF DEFENDANTS CRIMINAL RECORD TO GRAND JURY IS UNDESIRABLE AND MIGHT UNDER PROPER CIRCUMSTANCES REQUIER DISSMISSAL OF THE INDICTMENT".( SAME BOOK) §5.8 PAGE 5-31 PROSECUTORIAL MISCONDUCT-

A)COUNSEL SHOULD SCRUTINIZE THE GRAND JURY TRANSRIPT FOR EVIDENCE OF ANY PROSECUTORIAL MISCONDUCT THAT MIGHT JUSTIFY DISSMISSAL OF THE INDICTMENT BECAUSE IT IMPAIRED THE INTEGRITY OF THE GRAND JURY .ALSO PROSECUTORIAL MISCONDUCT THAT THREATENS THE IRREMEDIABLE HARM TO THE DEFENDANTS OPPORTUNITY TO OBTAIN A FAIR TRIAL OR THAT IS EGREGIOUS, DELIBERATE AND INTENTIONAL OR THAT RESULTS IN A VIOLATION OF CONSTITUTIONAL RIGHTS, MAY GIVE RISE TO PRESUMTIVE PREJUDICE AND WARRANT THE DRASTIC REMEDY OF DISSMISSAL. A WIDE RANGE OF PROSECUTORIAL ABUSES MIGHT QUALIFY INCLUDING:

1)DELIBERATLY SEEKING AN INDICTMENT FOR AN OFFENSE THAT THE PROSECUTOR KNOWS IS NOT SUPPORTED BY PROBABLE CAUSE.

2) USE THE GRAND JURY FOR IMPROPER PURPOSE- THAT IS TO OBTAIN PRE- TRIAL DISCOVERY.

3) MISDIRECTING THE GRAND JURY ON THE LAW PRESENTING PERJURED TESTIMONY OR WITHHOLDING EXCULPATORY EVIDENCE.

(SAME BOOK)§ 5.6 D"PERJURED TESTIMONY"
"THE PRESENTATION OF PERJURED TESTIMONY TO A GRAND JURY CALLS FOR THE "PROPHYLACTIC" MEASURES OF DISSMISSING THE INDICTMENT ONLY WHEN THE TESTIMONY IMPAIRS THE INTEGRITY OF THE GRAND JURY PROCESS.
TO WIN DISSMISSAL THE DEFENDANT MUST SHOW THAT THE FALSE TESTIMONY 1)WAS GIVEN EITHER WITH KNOWLEDGE THAT IT WAS FALSE OR DECEPTIVE OR IN RECKLESS DISREGARD OF THE TRUTH;
2)WAS MATERIAL TO THE QUESTION OF PROBABLE CAUSE, INFLUENCED THE GRAND JURYS DECISION TO INDICT;AND 3)WAS PRESENTED FOR THE PURPOSE OF OBTAINING AN INDICTMENT.

27)AFFIRMATIVE VIOLATION,
Plaintiff informed his attorney Edward Fogarty in a phone conversation that plaintiff discovered prosecutorial misconduct.The misconduct was the A.D.A discloing plaintiffs criminal record to indict plaintiff.
The A.D.A Catherine Higgins showed a charge to the grand jury that plaintiff was never convicted of. Plaintiffs attorney Edward Fogarty broke confidentiality and informed the prosecution that plaintiff discovered prosecutorial misconduct. Plaintiffs attorney Edward Fogarty(public defender) is conspiring with prosecution to railroad plaintiff.

28)AFFIRMATIVE VIOLATION,
   Plaintiff requested his grand jury transcript from his attorney Edward Fogarty.
Plaintiffs grand jury transripts were altered to cover up prosecutorial misconduct.
29)AFFIRMATIVE VIOLATION,
   Plaintiff holds the document which is a"assignment of counsel"form that clearly says
GRAND JURY EXIBIT(A).That document has the initial charge of armed robberry that plaintiff was arrested for ,but that armed robbery charge was ultimately dropped.
A.D.A Catherine Higgins in a desperate attempt to secure an indictment on plaintiff,Higgins disclosed the armed robbery charge because victim/witness did not appear for his testimony in the grand jury hearing.Also A.D.A. Higgins knew that if she showed the grand jury the charge of armed robbery that she would get her indictment,because the current charge that plaintiff is detained for is also an armed robbery.
   Plaintiff will bet that the audio recording of grand jury hearing will be destroyed or misplaced.

30) **AFFIRMATIVE VIOLATION,**
Plaintiffs attorney Edward Fogarty is and is continuing to violate his code of ethics as an attorney, and as an employee of the Commonwealth of Massachusetts.

31) **AFFIRMATIVE VIOLATION,**
Plaintiff is clearly being railroaded by his own public defense attorney and the state level judicial system.

32) **AFFIRMATIVE VIOLATION,**
The prosecutor and plaintiffs own defense attorney are working together to mislead plaintiff into thinking that the witness/victim is going to testify at plaintiffs trial. these injustices occur on a daily basis to defendants being prosecuted in hampden county.

33) **AFFIRMATIVE VIOLATION,**
Plaintiff is a pro se litigant and has limited access to the law library at this jail. Inmates at Hampden county jail are only allowed (3) hours a week of law library time.

34) **AFFIRMATIVE VIOLATION,**
If criminal defendant can afford to pay for counsel, he will recieve adequate defense counsel. Indigent defendants are being railroaded by public defenders who are clearly conspiring with prosecutors to lie to defendants and try to make defendants cop a plea, instead of creating a defense strategy to effectively represent defendant.
These illegal practices have transpired in plaintiffs case. Plaintiffs attorney (Edward fogarty is and has been violating his code of ethics as an attorney and as an employee of the Commonwealth of Massacusetts.

35) **AFFIRMATIVE VIOLATION,**
Plaintiffs defense attorney did not discover violations that have occurred in plaintiffs case. Plaintiff did his own legal research, and had to make plaintiffs attorney aware of said violations.

36) **AFFIRMATIVE VIOLATION,**
Plaintiff is seeking federal relief because plaintiff is at the mercy of the state level courts who are bias and not impartial to defendants.

<u>**CLOSING**</u>

For the defendants in this action to say that plaintiff fails to state a claim which can be granted is a total understatement and an extreme miscarriage of justice.

Plaintiff is hoping that this action be accepted as a claim with a magnitude of merit, and the defendants are clearly responsible for said violations that occurred against plaintiff while defendants were acting under the color of law.

Plaintiffs relief sought is that of requested in original and ammened complaint. And any other relief this honorable court may deem just and proper.
Plaintiff would like to sue each defendant in their official capacity as well as thier individual capacity.

DATED 3-9-05
SIGN David Ribeiro
DAVID RIBEIRO, PRO SE
629 Randall Road
Ludlow   Ma, 01056

## CERTIFICATE OF SERVICE

I David Ribeiro pro se, certify that on the date below have mailed copies of response to defendants opposition motion to plaintiffs ammended complaint.

Plaintiff further certifys that the defendants were mailed response by united states mail service.

WILLIAM P. O NEAL STATE ATTORNEY GENERAL
ASSISTANT
1350 MAIN STREET
SRGFLD    MA, 01103

CHARLES P. LAVELLE ESQ.
↓
Karen Betourney
Holyoke Law Dept.
20 Korean Veterans Plaza
Holyoke MA, 01040

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
1550 MAIN STREET
SPRGFLD    MA, 01103

AUSTIN M. JOYCE ESQ.
Edward P. Reardon P.C
397 Grove Street
Worcester, MA, 01605

DATED 3-9-05
SIGNED David Ribeiro

DAVID RIBEIRO, PRO SE
629 Randall Road
Ludlow  MA, 01056