UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO,<br>    Plaintiff,<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, DISTRICT ATTORNEY WILLIAM<br>BENNETT, HOLYOKE POLICE DEPARTMENT,<br>COMMONWEALTH OF MASSACHUSETTS and<br>CITY OF HOLYOKE<br>    Defendants. | CIVIL ACTION<br>NO. 04-30201-MAP |

## ANSWER OF DEFENDANTS MICHAEL HIGGINS AND PAUL KELLY TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1. The defendants are without sufficient knowledge to admit or deny plaintiff is a resident of Holyoke, Massachusetts, but deny the remaining allegations of paragraph one of the complaint.

2. The defendants deny the allegations of paragraph two of the complaint.

3. The defendants deny the allegations of paragraph three of the complaint.

4. The defendants deny the allegations of paragraph four of the complaint.

5. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph five of the complaint.

6. The defendants deny the allegations fo paragraph six of the complaint.

7. The defendants admit the City of Holyoke is part of the Commonwealth of Massachusetts, but are without sufficient knowledge to admit or deny the allegations of paragraph seven of the complaint.

8. The defendants admit that Chief Scott is the current Chief of the Holyoke Police Department, but deny the remaining allegations of paragraph eight of the complaint.

9. The defendants admit Michael Higgins is a member of the Holyoke Police Department and a citizen of the United States of America, but deny the remaining allegations of paragraph nine of the complaint.

10. The defendants admit David Usher is a member of the Holyoke Police Department, but are without sufficient knowledge to admit or deny the allegations of paragraph ten of the complaint.

11. The defendants admit Martin W. Neary is a member of the Holyoke Police Department, but are without sufficient knowledge to admit or deny the allegations of paragraph eleven of the complaint.

12. The defendants admit that Paul Kelly is a member of the Holyoke Police Department and a citizen of the United States of America, but deny the remaining allegations of paragraph twelve of the complaint.

13. The defendants admit James D. Briant is a member of the Holyoke Police Department, but are without sufficient knowledge to admit or deny the allegations of paragraph thirteen of the complaint.

14. The defendants admit Emil Morales is a member of the Holyoke Police Department, but are without sufficient knowledge to admit or deny the allegations of paragraph fourteen of the complaint.

15. The defendants admit Officer Donze is a member of the Holyoke Police Department, but are without sufficient knowledge to admit or deny the allegations of paragraph fifteen of the complaint.

## JURISDICTION

16. The allegations set forth in paragraph sixteen of the complaint are jurisdictional statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

## STATEMENT OF FACTS

17. The defendants deny the allegations of paragraph seventeen of the complaint.

18. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph eighteen of the complaint.

19. The defendants deny the allegations of paragraph nineteen of the complaint.

20. The defendants admit to paragraph twenty of the complaint.

21. The defendants admit a gun, clothing and money were recovered by the police but deny the remaining allegations of paragraph twenty-one of the complaint.

22. The defendants deny the allegations of paragraph twenty-two of the complaint.

23. The defendants deny the allegations of paragraph twenty-three of the complaint.

24. The defendants deny the allegations of paragraph twenty-four of the complaint.

25. The defendants deny the allegations of paragraph twenty-five of the complaint.

26. The defendants deny the allegations of paragraph twenty-six of the complaint.

27. The defendants deny the allegations of paragraph twenty-seven of the complaint.

28. The defendants deny the allegations of paragraph twenty-eight of the complaint.

29. The defendants deny the allegations of paragraph twenty-nine of the complaint.

30. The defendants deny the allegations of paragraph thirty of the complaint.

31. The defendants deny the allegations of paragraph thirty-one of the complaint.

32. The defendants deny the allegations of paragraph thirty-two of the complaint.

33. The defendants deny the allegations of paragraph thirty-three of the complaint.

34. The defendants deny the allegations of paragraph thirty-four of the complaint.

35. The defendants admit that plaintiff was arrested and arraigned on criminal charges and held on bail, but deny the remaining allegations of paragraph thirty-five of the complaint.

36. The defendants deny the allegations of paragraph thirty-six of the complaint.

37. The defendants deny the allegations of paragraph thirty-seven of the complaint.

38. The defendants deny the allegations of paragraph thirty-eight of the complaint.

39. The defendants admit the plaintiff case was presented to the grand jury, but are without sufficient knowledge to admit or deny the remaining allegations in paragraph thirty-nine of the complaint.

40. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph forty of the complaint.

41. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph forty-one of the complaint.

42. The defendant admit that plaintiff was arraigned in Hampden Superior Court and bail was set, but deny the remaining allegations of paragraph forty-two of the complaint.

43. The defendants are without sufficient facts to admit or deny the allegations of paragraph forty-three of the complaint.

44. The defendants deny the allegations of paragraph forty-four of the complaint.

45. The defendants deny the allegations of paragraph forty-five of the complaint.

46. The defendants deny the allegations of paragraph forty-six of the complaint.

47. The defendants deny the allegations of paragraph forty-seven of the complaint.

48. The defendants deny the allegations of paragraph forty-eight of the complaint.

49. The defendants deny the allegations of paragraph forty-nine of the complaint.

## DAMAGES

The allegations set forth in the unnumbered paragraph of the complaint titled Damages are damage statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

## RELIEF SOUGHT

The allegations set forth in the paragraphs titled Relief Sought of the complaint are statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendants' actions were justified.

### Third Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fourth Affirmative Defense

The defendants acted out of necessity.

### Fifth Affirmative Defense

The defendants acted in good faith and with probable cause.

### Sixth Affirmative Defense

The defendants have qualified immunity.

### Seventh Affirmative Defense

The defendants are immune from suit.

### Eighth Affirmative Defense

Each defendant acted within the scope of his employment and is thus immune from suit.

### Ninth Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

### Tenth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

### Eleventh Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE** the defendants request this Honorable Court to enter judgment in their favor and award them their costs.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Michael Higgins and Paul Kelly
By their attorney,

/s/ John K. Vigliotti

---

John K. Vigliotti,
BBO#: 642337
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

## CERTIFICATE OF SERVICE

I, John K. Vigliotti, hereby certify that I have on this 13th day of April, 2005 mailed a copy of the enclosed Answer of Defendants to Plaintiff's Amended Complaint via, first class, postage prepaid to:

David Ribeiro, Pro se
629 Randall Road
Ludlow, MA 01056

William P. O'Neil, Esq.
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629

Charles Lavelle, Esq.
Holyoke Law Department
563 Dwight Street
Holyoke, MA 01040

John K. Vigliotti, Esq.