UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID RIBEIRO, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| DAVID S. USHER, MARTIN W. NAREY, | ) | NO. 04-30201-KPN |
| PAUL M. KELLY, JAMES D. BRIANT, | ) | |
| MICHAEL HIGGINS, DISTRICT ATTORNEY | ) | |
| WILLIAM BENNETT, HOLYOKE POLICE | ) | |
| DEPARTMENT, COMMONWEALTH OF | ) | |
| MASSACHUSETTS and CITY OF HOLYOKE, | ) | |
| Defendants | ) | |

## ANSWER OF THE DEFENDANTS DAVID S. USHER, MARTIN W. NAREY, JAMES D. BRIANT AND THE CITY OF HOLYOKE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.   The defendants are without sufficient knowledge to admit or deny plaintiff is a resident of Holyoke, Massachusetts, but deny the remaining allegations in paragraph 1 of the amended complaint.

2.   The defendants deny the allegations in paragraph 2 of the amended complaint.

3.   The defendants deny the allegations in paragraph 3 of the amended complaint.

4.   The defendants deny the allegations in paragraph 4 of the amended complaint.

5.   The defendants are without sufficient knowledge to admit or deny the allegations in paragraph 5 of the amended complaint.

6.   The defendants deny the allegations in paragraph 6 of the amended complaint.

7.    The defendants admit that the City of Holyoke is part of the Commonwealth of Massachusetts, but are without sufficient knowledge to admit or deny the allegations in paragraph 7 of the amended complaint.

8.    The defendants admit that Chief Scott is the current Chief of the Holyoke Police Department, but deny the remaining allegations in paragraph 8 of the amended complaint.

9.    The defendants admit Michael Higgins is a member of the Holyoke Police Department and a citizen of the United States, but deny the remaining allegations in paragraph 9 of the amended complaint.

10.    The defendants admit David Usher is a member of the Holyoke Police Department and a citizen of the United States, but deny the remaining allegations in paragraph 10 of the amended complaint.

11.    The defendants admit that Martin W. Narey is a member of the Holyoke Police Department and a citizen of the United States, but deny the remaining allegations in paragraph 11 of the amended complaint.

12.    The defendants admit that Paul Kelly is a member of the Holyoke Police Department and a citizen of the United States, but deny the remaining allegations in paragraph 12 of the amended complaint.

13.    The defendants admit James D. Briant is a member of the Holyoke Police Department and a citizen of the United States, but deny the remaining allegations in paragraph 13 of the amended complaint.

14.    The defendants admit Emil Morales is a member of the Holyoke Police Department and a citizen of the United States, but are without sufficient

knowledge to admit or deny the allegations in paragraph 14 of the amended complaint.

15.  The defendants admit Officer Donze is a member of the Holyoke Police Department and a citizen of the United States, but are without sufficient knowledge to admit or deny the allegations in paragraph 15 of the amended complaint.

## JURISDICTION

16.  The allegations set forth in paragraph 16 of the amended complaint are jurisdictional statements not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

## STATEMENT OF FACTS

17.  The defendants deny the allegations in paragraph 17 of the amended complaint.

18.  The defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18 of the amended complaint.

19.  The defendants deny the allegations in paragraph 19 of the amended complaint.

20.  The defendants admit the allegations in paragraph 20 of the amended complaint.

21.  The defendants admit a gun, clothing and money were recovered by the police but deny the remaining allegations in paragraph 21 of the amended complaint.

22.    The defendants deny the allegations in paragraph 22 of the amended complaint.

23.    The defendants deny the allegations in paragraph 23 of the amended complaint.

24.    The defendants deny the allegations in paragraph 24 of the amended complaint.

25.    The defendants deny the allegations in paragraph 25 of the amended complaint.

26.    The defendants deny the allegations in paragraph 26 of the amended complaint.

27.    The defendants deny the allegations in paragraph 27 of the amended complaint.

28.    The defendants deny the allegations in paragraph 28 of the amended complaint.

29.    The defendants deny the allegations in paragraph 29 of the amended complaint.

30.    The defendants deny the allegations in paragraph 30 of the amended complaint.

31.    The defendants deny the allegations in paragraph 31 of the amended complaint.

32.    The defendants deny the allegations in paragraph 32 of the amended complaint.

33.    The defendants deny the allegations in paragraph 33 of the amended complaint.

34.    The defendants deny the allegations in paragraph 34 of the amended complaint.

35.    The defendants admit the plaintiff was arrested and arraigned on criminal charges and held on bail, but deny the remaining allegations in paragraph 35 of the amended complaint.

36.    The defendants deny the allegations in paragraph 36 of the amended complaint.

37.    The defendants deny the allegations in paragraph 37 of the amended complaint.

38.    The defendants deny the allegations in paragraph 38 of the amended complaint.

39.    The defendants admit the plaintiff's case was presented to the grand jury, but are without sufficient knowledge to admit or deny the remaining allegations in paragraph 39 of the amended complaint.

40.    The defendants are without sufficient knowledge to admit or deny the allegations in paragraph 40 of the amended complaint.

41.    The defendants are without sufficient knowledge to admit or deny the allegations in paragraph 41 of the amended complaint.

42.     The defendants admit that plaintiff was arraigned in Hampden Superior Court and bail was set, but deny the remaining allegations in paragraph 42 of the amended complaint.

43.     The defendants are without sufficient knowledge to admit or deny the allegations in paragraph 43 of the amended complaint.

44.     The defendants deny the allegations in paragraph 44 of the amended complaint.

45.     The defendants deny the allegations in paragraph 45 of the amended complaint.

46.     The defendants deny the allegations in paragraph 46 of the amended complaint.

47.     The defendants deny the allegations in paragraph 47 of the amended complaint.

48.     The defendants deny the allegations in paragraph 48 of the amended complaint.

49.     The defendants deny the allegations in paragraph 49 of the amended complaint.

## DAMAGES

The allegations set forth in the unnumbered paragraph of the amended complaint titled Damages are damage statements not requiring a response by defendants. To the extent said allegations require a response the same are denied.

## RELIEF SOUGHT

The allegations set forth in the paragraphs titled Relief Sought of the amended complaint are statements not requiring a response by defendants. To the extent said allegations require a response the same are denied.

## FIRST AFFIRMITIVE DEFENSE

The plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMITIVE DEFENSE

The defendants actions were justified.

## THIRD AFFIRMITIVE DEFENSE

The plaintiff is barred from recovery by collateral estoppel.

## FOURTH AFFIRMITIVE DEFENSE

The defendants acted out of necessity.

## FIFTH AFFIRMITIVE DEFENSE

The defendants acted in good faith and with probable cause.

## SIXTH AFFIRMITIVE DEFENSE

The defendants have qualified immunity.

## SEVENTH AFFIRMITIVE DEFENSE

The defendants are immune from suit.

## EIGHTH AFFIRMITIVE DEFENSE

Each defendant acted within the scope of his employment and is immune from suit.

## NINTH AFFIRMITIVE DEFENSE

The defendants acted in a good faith reliance on legislative and statutory authority.

## TENTH AFFIRMITIVE DEFENSE

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

## ELEVENTH AFFIRMITIVE DEFENCE

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE**, the defendants request the Court to enter judgment in their favor and award them their costs.

## THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

David S. Usher, Martin W. Narey, James D. Briant and the City of Holyoke, by their attorneys

_____

Charles P. Lavelle
BBO No. 288420
Staff Attorney

_____

Karen T. Betournay
BBO No. 550724
City Solicitor
City of Holyoke Law Department
20 Korean Veterans Plaza
Holyoke, MA 01040
(413) 322-5580

CERTIFICATE OF SERVICE

I hereby certify that I have served on the date entered below a copy of the foregoing document by First Class Mail, postage prepaid, to:

David Ribeiro, Pro se
629 Randall Road
Ludlow, MA 01056

William P. O'Neal, Esq.
Assistant Attorney General
1350 Main Street
Springfield, MA 01103-1629

Austin M. Joyce, Esq.
Edward R. Reardon, P.C.
397 Grove Street
Worcester, MA 01605

DATE: April 26, 2005

_____
Charles P. Lavelle