UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO<br><br>　　　　　　Plaintiff,<br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT,<br>LT. HIGGINS, WILLIAM BENNETT AS<br>DISTRICT ATTORNEY, HOLYOKE POLICE<br>DEPARTMENT, COMMONWEALTH OF<br>MASSACHUSETTS, CITY OF HOLYOKE<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 04-30201-KPN |

## DEFENDANT ASSISTANT DISTRICT ATTORNEY CATHERINE HIGGINS'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

### INTRODUCTION

The Defendant, Assistant District Attorney Catherine Higgins, has moved this Court to dismiss the above-entitled case for failure to state a claim upon which relief can be granted, pursuant to the provisions of Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In support of such motion, the Defendant Higgins states that she is sued as an Assistant District Attorney for negligence and alleged violations of the Plaintiff's civil rights. As a member of the staff of the Hampden County District Attorney, Ms. Higgins is immune from liability for her actions as a prosecutor.

### FACTUAL BACKGROUND

The Defendant Catherine Higgins is identified as an Assistant District Attorney in the Office of the District Attorney of Hampden County. (Amended Complaint ¶ 2 & 5) On March 31, 2005, this court granted the Motion to Dismiss of William Bennett as District Attorney and the Commonwealth of Massachusetts. The Plaintiff continues to allege that the District Attorney has been negligent in his duty to identify civil rights violations in allegedly fabricated police reports. (Complaint ¶ 12) The Plaintiff further alleges that the Defendant Higgins as an Assistant District

Attorney is pursuing a criminal case against the Plaintiff in which the Plaintiff's clearly established civil and constitutional rights have been violated. (Complaint ¶ 12)

The Commonwealth of Massachusetts is identified as the employer of the Defendant Assistant District Attorney Higgins. (Amended Complaint ¶ 2) No other allegations are made against the Commonwealth of Massachusetts.

## ISSUE

THE DEFENDANT, ASSISTANT DISTRICT ATTORNEY CATHERINE HIGGINS, IS IMMUNE FROM LIABILITY FOR HER ACTIONS AS A PROSECUTOR.

## ARGUMENT

The Defendant Catherine Higgins, as an Assistant District Attorney, is absolutely immune from civil rights claims under Federal law as well as State law for any actions taken as an advocate for the Commonwealth. A prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope. *Imbler v. Pachtman*, 424 U.S. 409, 427, (1975) *See also, Dinsdale v. Commonwealth*, 424 Mass. 176 (1997). As recognized by both the United States Supreme Court and the Supreme Judicial Court of Massachusetts, the immunity in question is not simply immunity from liability, but immunity from "'the risks of trial.'" *Breault v. Chairman of the Board of Fire Commissioners*, 401 Mass. 26, 31 (1987), *cert. denied*, 485 U.S. 906 (1988), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).

The Defendant Catherine Higgins, as a prosecutor, acts within the prosecutorial function anytime she is involved in the judicial process, i.e., presenting the state's case. *Martinez v. Winner*, 771 F.2d 424, 438 (10th Cir.1985). Prosecutorial immunity is a complete protection from civil suit, if the prosecutor is acting within his or her scope of authority. *Imbler*, 424 U.S. at 427.

The Plaintiff alleges that the Defendant Assistant District Attorney is pursuing a criminal

case against the Plaintiff in which the Plaintiff's clearly established civil and constitutional rights have been violated. (Complaint ¶ 12) The Plaintiff alleges that the District Attorney is maliciously prosecuting him. (Complaint ¶ 12) The Defendant strenuously denies such allegations. However, as a matter of law, whenever a prosecutor is involved in presenting the state's case, he or she is immune from liability, even if false or inaccurate information is given to the court. *Imbler*, 424 U.S. at 431. When a government attorney is performing a function protected by absolute immunity, that immunity exists even if his conduct is illegal. *Barrett v. United States*, 798 F.2d 656, 573 (2d Cir. 1986). "The immunity attaches to [the government attorney's] function, not to the manner in which he performed it." *Barrett supra.* at 573.

In the present case, the Defendant, Assistant District Attorney Catherine Higgins, falls squarely within the protection afforded by the doctrine of absolute immunity.

## CONCLUSION

Because the Defendant Catherine Higgins is immune from liability as set forth above, this action must be dismissed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
William P. O'Neill  BBO # 379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
Tel. No. 413-784-1240, ext. 107
Fax No. 413-784-1244