UNITED STATES DISTRICT
COURT     OF
MASSACHUSETTS

PLAINTIFF,                        )
DAVID RIBEIRO, PRO SE.           )
                                  )
                                  )
                                  )          CIVIL ACTION NO. 04-30201 MAP
            V.                    )
                                  )
HOLYOKE POLICE DEPT.             )
CITY OF HOLYOKE                  )          MOTION FOR RECONSIDERATION
POLICE OFFICERS                  )          TO INCLUDE DEFENDANT
DEFENDANTS                       )          LT. MICHEAL HIGGINS
                                  )          IN THIS CIVIL ACTION

Now comes the plaintff in the above entitled action and

moves this honorable court with this motion to respond to

Judge Ponser decision to exclude LT. Micheal Higgins as a

defendant in the above action.

Judge Ponser decision was based on the belief that plaintiff

did not file an opposition to defendants opposition.

Judge Ponser decision was dated 6-23-05.

Plaintiff has a copy of his opposition to defendants

opposition enclosed in with this motion.

The plaintiff filed his opposition within the 20 day time

limitation according to The Rules Of federal civil procedure.

The plaintiff filed his opposition after the plaintiff

received the last opposition from the last attorney of the

defendants.

1)The plaintiff is a pro se litigant and is learning by the day on the rules of Federal C ivil Procedures.

The plaintiff understands that he must follow rules accordingly.

2) The plaintiff is asking the court to reconsider the exclusion of LT. Micheal Higgins as a defendant in this civil action.

3) The reason for this request is due to the magnitude of violation of constitutional rights that transpired against the plaintiff by LT. Micheal Higgins and his officers.

4)LT. Micheal Higgins claims he mirandized the plaintiff and that the plaintiff signed miranda warning card, and that the card was placed into evidence.The police report claims several times that the plaintiff was mirandized and plaintiff signed miranda warning card.

5) The plaintiff has a copy of said miranda card and it does not have the plaintiff signiture on it.

6)The police also claim that plaintiff was allowed to use the telephone and the police report indicates a confirmed phone call was made by plaintiff.

7) The plaintiff was never allowed to use telephone even after plaintiff requested to do so.The plaintiff specifically asked to use a phone that was not a collect phone because the holding cell in police station only has a collect telephone.

8) The plaintiffsphone request was denied.

9)LT. Micheal Higgins also claims that plaintiff admitted to crime. The police have no signed statement or electronic record- ing of alleged confession. All the courts had was lying police officers and the jugde at statement suppresion hearing dated 2-17-05 allowed the alleged confession.

10)Ultimately, the plaintiff was railroaded by superior court judicial system and the plaintiffs own defense attorney.
If the plaintiff had the money to hire private counsel, the plaintiff would have prevailed at his trial,especially a circumstancial case as the plaintiffs case was/is.

11) By the defendants not allowing the plaintiff to use the

telephone is a constitutional violation of great significance.

According to state law the evidence obtained after a denying

of a telephone right,should have been suppressed.

MASS.CRIMINAL PRACTICE,LAW#32 PAGE 20 SUBSECTION 26.
PROCEDURES AFTER ARREST-TELEPHONE CALL:

"A PERSON HELD IN CUSTODY SHALL BE PERMITTED TO USE TELEPHONE
AT HIS OWN EXPENSE. THIS USE IS FOR THE PURPOSE OF ALLOWING

THE ARRESTED PERSON TO COMMUNICATE WITH FAMILY OR FRIENDS OR

TO ENGAGE THE SERVICES OF AN ATTORNEY OR ARRANGE RELEASE   ON

BAIL." THE STATUTE REQUIRES THAT THE PERSON BE INFORMED OF HIS

RIGHT TO USE PHONE UPON ARRIVAL AT SUCH STATION OR PLACE OF

DETENTION." "SUCH USE SHALL BE PERMITTED WITHIN ONE HOURTHERE-

AFTER." "IF ARRESTED PERSON IS INTENTIONALLY DEPRIVED OF HIS

RIGHT TO USE TELEPHONE,EVIDENCE OBTAINED AS A RESULT OF SUCH

INTENTIONAL DEPRIVATION SHALL BE SURPRESSED."

TELEPHONE RIGHT VIOLATION, VIOLATES M.G.L.A 276 SUBSECTION 33A

STATE DECLARATION OF RIGHTS.

12)Plaintiff told his attorney to inform the court of his phone

right being violated, however, plaintiffs court appointed attorney

did not inform the court of the violations and lies by police

which transpired in plaintiffs criminal case.

13)The plaintiff knew his attorney was working with the

prosecutors in the intentional railroading of the plaintiff.

This is when plaintiff filed a motion to terminate his cousel

because of ineffectiveness,breaking attorney/client confidencia-

lity, and violating plaintiffs constitutional right to effective

assistance of **competent** defense counsel,and violating his code

of ethics asan attorney and an employee of the commonwealth.

Said motion was denied.

14) Plaintiff asked his court appointed attorney to impeach
   arresting officers at trial to expose their lies,but
   plaintiffs attorney was clearly not working in his clients
   best interest.

15) The victim at plaintiffs trial stated in his testimony that
   his perpatrator was five foot six inches tall and of dark
   brown complexion. The plaintiff is five foot ten inches tall
   and a lightly tanned latino. Plaintiffs attorney did not bring
   this discription discrepancy even after plaintiff asked him to
   do so. (To the court)

16)Plaintiffs attorney was suppose to file a motion to suppress evidence
   according to the law that says an attorney is ineffective if he
   fails to file said motion.

MASS CRIMINAL DEFENSE VOL.1 PRE-TRIAL AND DISTRICT COURT
SUBSECTION 8.1C-3 CONDUCT THAT CONSTITUTES INEFFECTIVE
ASSISTANCE OF COUSEL;1)ABANDONING A DEFENSE IN CLOSING ARGUMENT
OR COMMUNICATING DISBELIEF IN THE DEFENDANTS TESTIMONY OR CASE.
2)FAILER TO PRESENT EVIDENCE PROMISED IN THE OPENING STATEMENT:
BECAUSE SUCH CONDUCT IS GENERALLY SO DAMAGING IT IS PREJUDICIAL
AS A MATTER OF LAW.3)FAILURE TO WITHDRAW IN ORDER TO PROVIDE
NECESSARY TESTIMONY.4)FAILURE TO OBJECT TO INADMISSABLE DAMAGING
EVIDENCE.5)FAILURE TO OBJECT TO ERRONEOUS JURY INSTRUCTIONS.
6)FAILURE TO FILE A MOTION TO SUPPRESS.

POLICE MISCONDUCT LAW AND LITIGATION MANUAL THIRD EDITION
CHAPTER 1-11 SUBSECTION 1:3
"A PLAINTIFF WHOSE FEDERAL CONSTITUTIONAL RIGHTS HAVE BEEN
VIOLATED NEED NOT EXHAUST STATE OR ADMINISTRATIVE REMEDIES
BEFORE BRINGING SUIT IN FEDERAL COURT UNDER SUBSECTION 1983.
1) AS THE COURT CLEARLY STATE IN MONROE."IT IS NO ANSWER THAT
THE STATE HAS A LAW WHICH IF ENFORCED WOULD GIVE RELIEF".
"THE FEDERAL REMEDY IS SUPPLEMENTARY TO THE STATE REMEDY,
AND THE LATTER NEED NOT FIRST BE SOUGHT AND REFUSED BEFORE
THE FEDERAL ONE IS INVOKED".2)

17) On 7-12-04 while plaintiff was falsely arrested ,officer
Donze attempted to force plaintiff to put a mask on that was
used in a crime at scene.When plaintiff refused to allow
officer Donze to place a mask on,thats when officer Donze
threatened and said "You fucking spic,you better cooperate
with us". And futher stated"People like you ruin our city".
At this time the plaintiff was terrorfied.

18)Officers claim in police report several times that plaintiff
was mirandized and that plaintiff signed miranda warning card.
after plaintiff informed his court appointed attorney the one
of many lies by police that police are perjuring themsevles
and fabricating  their original police report,thats when
officers at statement suppression hearing dated 2-17-05
changed their story and said "Mr Ribeiro refused to sign miranda
warning card".

19)When plaintiff took stand in his own defense at said hearing
when plaintiff was going to tell the court of the conflicting
statements by police,the plaintiff was rudely cut off by his
own attorney by a "shushing" sound,plaintiff was not able to tell
the court of police perjury.

20)This is when the plaintiff knew that his defense attorney was
was working with the prosecutors in the intentional railroading
of his client.Plaintiff filed a motion to dismiss inept
attorney but said motion was denied.And here plaintiff sits
wrongfully convicted for a crime that he did not commit.
Plaintiff was prejudiced at criminal trial because of plaintiff
filing this civil action.Plaintiff was the victim of police
misconduct,prosecutorial misconduct,and railroaded by the
superior court judicial system.When plaintiff gets this case
over turned and dismissed on appeal,plaintiff will then have
merit to include the commonwealth back in this civil action.

21) C.A.(CAL)1996,"IN DETERMINING WHETHER LAW ENFORCEMENT OFFICER IS ENTITLED TO QUALIFIED IMMUNITY,COURT MUST CONSIDER WHETHER LAW GOVERNING OFFICERS CONDUCT WAS CLEARLY ESTABLISHED AND WHETHER A REASONABLE OFFICER COULD HAVE BELIEVED THAT HIS CONDUCT WAS UNLAWFUL UNDER THAT LAW."
ACOSTA V. CITY AND COUNTY OF SAN FRANCISCO,
83 F.3d 1143,AS AMENDED.

22)The plaintiff does not mean to bring up issues that might not directly pertain to this civil action.However,the plaintiff is tempting to give the court an insight on some of the violations and injustices that mounted to plaintiffs false and wrongful conviction.Plaintiff was prejudiced at criminal trial because of plaintiff filing this civil action.

## CLOSING

23)The plaintiff humbly requests that this court reconsider the inclusion of LT. Micheal Higgins as a defendant in this action, reason being that the plaintiffs fundimental civil and constitutional rights that were clearly established.

Plaintiffs due process,equal protection of laws,miranda, telephone and many other rights were totaly disregarded by arresting officers wanton misconduct.
The plaintiff hopes and prays that this court allow plaintiffs claim as a claim with merit.
The plaintiff would like this civil action to be a prophalactic measure to prevent further police misconduct,which is an on going dilemma in police departments.

Respectfully submitted
David Ribeiro,Pro Se
Plaintiff.
sign _David Ribeiro_
date July, 2005
7-16-05

CERTIFICATE OF SERVICE

I David Ribeiro,pro se plaintiff certifies that on the date below

have mailed copies of enclosed motion to defendants attornies via

u.s. mail service to the adresses below.

CLERK OF COURT
UNITED STATES
DISTRICT COURT
1550 MAIN ST.ROOM 512
SPRGFLD  MA,01103

CHARLES P. LAVELLE ESQ.
HOLYOKE LAW DEPT.
20 KOREAN VETERANS PLAZA
HOLYOKE  MA, 01040

JOHN VIGLIOTTI ESQ.
397 GROVE STREET
WORCESTER   MA,01605

DAVID RIBEIRO,PRO SE PLAINTIFF #W85454
M.C.I CONCORD P.O. BOX 9106
CONCORD MA, 01742

July 16, 2005  David Ribeiro