# EXHIBIT C

UNITED STATES DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| PLAINTIFF,<br>DAVID RIBEIRO, PRO SE.<br><br>V.<br><br>HOLYOKE POLICE DEPT.<br>CITY OF HOLYOKE<br>POLICE OFFICERS<br>DEFENDANTS | CIVIL ACTION NO. 04-30201 MAP<br><br>MOTION FOR RECONSIDERATION<br>TO INCLUDE DEFENDANT<br>LT. MICHEAL HIGGINS<br>IN THIS CIVIL ACTION |

Now comes the plaintff in the above entitled action and moves this honorable court with this motion to respond to Judge Ponser decision to exclude LT. Micheal Higgins as a defendant in the above action.

Judge Ponser decision was based on the belief that plaintiff did not file an opposition to defendants opposition.

Judge Ponser decision was dated 6-23-05.

Plaintiff has a copy of his opposition to defendants opposition enclosed in with this motion.

The plaintiff filed his opposition within the 20 day time limitation according to The Rules Of federal civil procedure.

The plaintiff filed his opposition after the plaintiff received the last opposition from the last attorney of the defendants.

1) The plaintiff is a pro se litigant and is learning by the day on the rules of Federal Civil Procedures. The plaintiff understands that he must follow rules accordingly.

2) The plaintiff is asking the court to reconsider the exclusion of LT. Micheal Higgins as a defendant in this civil action.

3) The reason for this request is due to the magnitude of violation of constitutional rights that transpired against the plaintiff by LT. Micheal Higgins and his officers.

4) LT. Micheal Higgins claims he mirandized the plaintiff and that the plaintiff signed miranda warning card, and that the card was placed into evidence. The police report claims several times that the plaintiff was mirandized and plaintiff signed miranda warning card.

5) The plaintiff has a copy of said miranda card and it does not have the plaintiff signiture on it.

6) The police also claim that plaintiff was allowed to use the telephone and the police report indicates a confirmed phone call was made by plaintiff.

7) The plaintiff was never allowed to use telephone even after plaintiff requested to do so. The plaintiff specifically asked to use a phone that was not a collect phone because the holding cell in police station only has a collect telephone.

8) The plaintiffs phone request was denied.

9) LT. Micheal Higgins also claims that plaintiff admitted to crime. The police have no signed statement or electronic recording of alleged confession. All the courts had was lying police officers and the jugde at statement suppresion hearing dated 2-17-05 allowed the alleged confession.

10) Ultimately, the plaintiff was railroaded by superior court judicial system and the plaintiffs own defense attorney. If the plaintiff had the money to hire private counsel, the plaintiff would have prevailed at his trial, especially a circumstancial case as the plaintiffs case was/is.