## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID RIBEIRO,<br>        Plaintiff,<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, DISTRICT ATTORNEY WILLIAM<br>BENNETT, HOLYOKE POLICE DEPARTMENT,<br>COMMONWEALTH OF MASSACHUSETTS and<br>CITY OF HOLYOKE<br>        Defendants. | CIVIL ACTION<br>NO. 04-30201 MAP |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS PAUL KELLY AND MICHAEL HIGGINS FOR SUMMARY JUDGMENT

Now come the Defendants, Paul Kelly (hereinafter "Kelly") and Michael Higgins (hereinafter "Higgins"), by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and respectfully request that this Court enter summary judgment in their favor. As reasons therefore, the Defendants state the following:

### BACKGROUND

The Plaintiff, David Ribeiro, has brought a pro se complaint against various municipal, state and individual Defendants which include Kelly and Higgins. The Plaintiff's complaint is a series of vague and broad allegations of police misconduct pursuant to 42 U.S.C. § 1983 which consist of failing to read the Plaintiff his Miranda warnings, subjecting him to racial slurs and epithets, threatening him, intimidating him and subjecting him to aggressive tactics so as to violate the Plaintiff's rights as guaranteed by the Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution. (Amend. Complaint ¶¶ 1, 12, 33, 34).

1

## ARGUMENT

### I.   STANDARD OF REVIEW

Summary judgment shall be granted when there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). In reviewing a motion for summary judgment, a court should bear in mind that "[a] dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." (Internal citations omitted.) *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1ˢᵗ Cir. 2000). Once the moving party identifies those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" that "it believes demonstrate the absence of a genuine issue of material fact," the adverse party may avoid summary judgment only by providing properly supported evidence of disputed material facts that would necessitate a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden placed upon the party moving for summary judgment; specifically, the burden of showing there to be no genuine issues of material fact, rendering judgment as a matter of law appropriate; can be satisfied in two ways. First, the moving party "may submit affirmative evidence that negates an essential element of the non-moving party's claim." *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 715 (1991) (quoting *Celotex*, 477 U.S. at 331-32). Second, the moving party may attack the non-moving party's claim prima facie by demonstrating to the court that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *Id.* Once the moving party has satisfied this

2

burden, the non-moving party may not rest upon the pleadings, but must allege specific facts

establishing a triable issue in order to avoid the entry of summary judgment. *Id.* at 716.

## II.    THE PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY HIGGINS OR KELLY.

The Plaintiff's complaint alleges that under the jurisdiction of 42 U.S.C. § 1983 that he is

"a citizen of the United States of America, who's Fifth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution have been violated by the Defendants in this

action, in various ways, while they were acting under the color of law" resulting in violating the

Plaintiff's civil right and causing him damages. (Amend. Compl. ¶ 1). Within this vague

allegation, Plaintiff makes allegations against Higgins and Kelly. The Plaintiff claims Higgins

violated his constitutional and civil rights by not allowing him to make a telephone call when he

was brought to the Holyoke Police Station, failing to read him his Miranda warning and lying

about doing so. (Amend. Complaint ¶ 9). Furthermore, the Plaintiff alleges that Kelly violated

his constitutional rights when he brought him before a victim of a crime in the back of a police

cruiser for the purposes of identification, refused the Plaintiff a telephone call once arrested, did

not read the Plaintiff his Miranda warnings, questioned him and made racial slurs toward him.

(Amend. Compl. ¶ 12).

### A.    The Plaintiff's § 1983 claim is insufficient as a matter of law.

The Plaintiff's complaint is a rambling of vague accusations alleging that his

constitutional rights were violated pursuant to the jurisdiction of 42 U. S.C. §1983. (Amend.

Compl. ¶ 16). In order to bring a claim under Section 1983, a Plaintiff must demonstrate that a

person acting under the color of state law committed the conduct complained of and the conduct

deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Parratt*

*v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 1912 (1981). This is based upon the fact that § 1983 does not work to create substantive rights, but merely provides a civil remedy for violations of federal rights. *Martinez v. California*, 444 U.S. 277, 283 (1980). Here, there is no dispute Higgins and Kelly were acting under the color of state law. As such the focus of their summary judgment motion is on the Plaintiff's failure to show an underlying violation of the federal Constitution in order to establish a viable claim under 42 U.S.C. § 1983.

### 1. Plaintiff admits Kelly did not violate his constitutional rights.

The Plaintiff specifically alleges in his complaint that Kelly "while acting in his official and personal capacities has violated the Plaintiff's Constitutional and Civil Rights because he had the Plaintiff brought before a victim of a crime in the back of a police cruiser for the purposes of identification, questioned him without reading him his Miranda Warnings and made racial slurs towards the Plaintiff." (Amend. Compl. ¶ 12). Despite these allegations by the Plaintiff, at his deposition he testified that Kelly did not have any direct involvement with his arrest and in fact did not do any of these alleged acts. (Ribeiro's Depo. p. 163). Kelly never transported, questioned, spoke with or made racial slurs towards the Plaintiff. (Ribiero's Depo. pp. 71-73, 78, 163). The Plaintiff never interacted with Kelly and the Plaintiff never saw or heard Kelly do anything inappropriate during his arrest on July 12, 2004 that could be viewed as a constitutional violation. Therefore, summary judgment is appropriate for Kelly.

### 2. Miranda Warnings are not a constitutional right.

The Plaintiff further claims a constitutional violation by the failure of Higgins and Kelly to read him his Miranda warnings upon his arrest for 1) robbery, armed and masked M.G.L. 265 § 17, 2) firearm, carry without license M.G.L. 269 § 10, 3) firearm without FID card, possess

4

M.G.L. 269 § 10, and 4) Firearm in felony, possess M.G.L. c. 265 § 18. (Exhibit D) (Compl. ¶¶ 37, 38). Even assuming for the purpose of this summary judgment motion that the Plaintiff was not read his Miranda rights, his claims against Higgins and Kelly are never the less foreclosed as Miranda Warnings are not a protected constitutional right for the purpose of a § 1983 cause of action.

Although the Fifth Amendment is made applicable to the States by the Fourteenth Amendment, *Malley v. Hogan*, 378 U.S. 1 (1964), the Miranda warning requirement is "not itself required by the Fifth Amendment." *Connecticut v. Barrett*, 479 U.S. 523 (1987). In the Fifth Amendment context the courts have created "prophylactic rules designed to safeguard the core constitutional rights protected by the Self-Incrimination Clause." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). The "rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional right of any person." *Chavez v. Martinez*, 588 U.S. 760, 772 (2003). The Plaintiff's alleged constitutional violation is that Kelly and Higgins failed to read him his Miranda Warnings. (Amend. Compl. ¶¶ 9, 12). The failure to read the Plaintiff his Miranda warnings is not a violation of constitutional rights, and thus could not be grounds for a § 1983 action against the officers. *Id.* Therefore, this portion of the Plaintiff's claim against Defendants Higgins and Kelly is barred by the Court's ruling in *Chavez v. Martinez*. [1]

---

[1]    Should the Plaintiff be arguing that his claim is not just a Fifth Amendment violation but also a violation of his Fourteenth Amendment substantive due process rights to be free from coercive questioning his claim must still fail. The Fourteenth Amendment provide that no person shall be deprived "of life, liberty, or property, without due process of law." The Plaintiff is required to provide a "careful description of the asserted fundamental liberty interest for the purpose of a substantive due process analysis, vague generalities will not suffice." *Washington v. Glucksberg,* 521 U.S. 702, 721 (1997). The Plaintiff has failed to provide such a

3.    **Plaintiff has no constitutional right to use a telephone.**

In addition to alleging the failure of Defendants to read him his Miranda warnings, the

Plaintiff claims Higgins and Kelly violated his constitutional rights because, while being held in

the custody of the Holyoke Police Department, he was not allowed to use a telephone pursuant to

state statute, M.G.L. c. 276 § 33A. Thus, this claim falls outside § 1983 beause it protects only

federal rights. The Plaintiff has failed to state any fact to show Higgins or Kelly violated a

federal constitutional right to which he was entitled to.

Furthermore, besides not being a constitutional violation, the undisputed facts show the

Higgins allowed the Plaintiff access to a telephone and that the Plaintiff was aware of this

statutory right while in the custody of the Holyoke Police. (Ribeiro's Depo p.142, 144; Exhibit C

¶ 7). After the Plaintiff was arrested he was brought to the Holyoke Police Department and

booked. (Rebiero's Depo.84). Higgins was the commanding officer in the station and entered

the booking room and observed the Plaintiff there under arrest for an armed robbery. (Ribeiro's

Depo. p. 85, Exhibit B. p. 14).[2] Higgins participated in booking of the Plaintiff and informed

him of the charges against him and of his rights, which the Plaintiff acknowledged that he

understood. (Ribeiro's Depo. pp. 84, 86, 88, 90, 91). During the time Higgins interacted with

_____

description as it is unclear what "Due Process" claim the Plaintiff asserts, if any, in his
complaint. Additionally the Plaintiff has not presented any facts that "can be properly be
characterized as arbitrary, or conscience shocking, in a constitutional sense" to support a due
process claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) quoting *Collins v.
Harker Heights*, 503 U.S. 115, 128 (1992). Therefore, should this Court construe Plaintiff's
complaint to include a due process claim, Defendants Higgins and Kelly are neverless entitled to
summary judgment.

[2]As Kelly was not the police official in charge of the station or other place of detention
there is no cause of action against him for failure to allow access to a telephone. See M.G.L. c.
276 § 33A.

the Plaintiff, Higgins never used threats, excessive force, violence or any racial slurs towards the

Plaintiff. (Ribeiro's Depo. p. 85, 90). The Plaintiff remained in the custody of the Holyoke

Police Department for approximately one hour and during this period of time a collect telephone

located in the holding cell was made available to the Plaintiff for his use. (Ribeiro's Depo. p. 97,

142, 144; Exhibit C, ¶ 7).

**B.    The Plaintiff is barred from bringing a § 1983 action against Higgins and
Kelly.**

In addition to there being no constitutional violations by Higgins or Kelly, the Plaintiff is

barred from bringing a § 1983 action at this time.  Plaintiff's complaint alleges that the actions of

the Higgins and Kelly violated his constitutional rights which contributed to his arrest.  Since the

filing of the Plaintiff's complaint, the underlying criminal charges have made their way through

the criminal process. (See Exhibit D).  The Plaintiff has filed motions to suppress and has had a

jury waived trial which resulted in a conviction and state prison sentence. (Exhibits D, E).

Despite his convictions the Plaintiff continues to assert his claim that Higgins and Kelly violated

his constitutional rights and seeks to recover damages for alleged constitutional violations that

are identical to the claims he asserted during the pendency of his criminal proceedings.

In order to recover damages for allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination or called into question by a federal court's issuance of a writ of habeas

corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages attacking a

conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*  The

7

district court must consider whether a judgment in favor of the Plaintiff would necessarily imply
the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless
the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at
487.

     The Plaintiff's allegations in his complaint make it clear that judgment in his favor would
imply the conviction or sentence was invalid. The Plaintiff's claims against Higgins and Kelly
are based upon identical arguments he made before the Superior Court, when he filed a motion to
suppress statements alleging a violation of his Fifth and Fourteenth Amendment rights. (Exhibit
C).[3] The motion was heard on February 17, 2005 in the Hampden Superior Court before Judge
Curley. (Ribeiro's Depo. p. 112, 13, 136; Exhibits B, C.).

     Upon review of Plaintiff's criminal docket he had not only one opportunity to be heard
on his motion, but filed several motions during his criminal proceeding challenging the
constitutionality of his arrest and indictment, the same issues he seeks to raise in this § 1983
action. (Exhibit D). A person claiming a federal right does not have an unrestricted opportunity
to re-litigate an issue already decided in state court simple because the issue arose in a state
proceeding in which he would rather not have been engaged at all. *Allen v. McCurry*, 449 U.S.
90, 104 (1980). To allow the Plaintiff to litigate the issues in this forum would inevitable be to
re-litigate the suppression motion and his jury waived trial. The Plaintiff may not use the federal
Court to do this "while the criminal judgment remains un-reversed or un-vacated by the proper

---

    [3] It appears that Plaintiff's Sixth Amendment claim was contained within his motion to
suppress, although no specifically mentioned, as he argues that his constitutional rights were
violated because the police failed to read him Miranda Warnings and did not allow him access to
a telephone which prevented access to an attorney.

tribunal." *Cardillo v. Zyla*, 486 F.2d. 473, 475 (1973).  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidate, or impugned by the rant of a writ of habeas corpus. *Humphrey*, 512 U.S. at 489.  In this case the Plaintiff has not and cannot demonstrate that his conviction or sentence has already been invalidated, therefore, the Plaintiff's § 1983 suit is barred.

## VI.    CONCLUSION

WHEREFORE, for the reasons discussed herein, Higgins and Kelly respectfully request that this Court enter summary judgment in their favor as to all counts against them in the Plaintiff's complaint.

DEFENDANTS MICHAEL HIGGINS
AND PAUL KELLY
By their attorneys,


/s/ Austin M. Joyce
Austin M. Joyce
BBO #:
John K. Vigliotti
BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605