UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO,<br>    Plaintiff,<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, DISTRICT ATTORNEY WILLIAM<br>BENNETT, HOLYOKE POLICE DEPARTMENT,<br>COMMONWEALTH OF MASSACHUSETTS and<br>CITY OF HOLYOKE<br>    Defendants. | CIVIL ACTION<br>NO. 04-30201 MAP |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN COMPLIANCE WITH
LOCAL RULE 56.1 BY DEFENDANTS MICHAEL HIGGINS AND PAUL KELLY**

Now come the Defendants, Michael Higgins and Paul Kelly, by and through their undersigned counsel and pursuant to Local Rule 56.1 of the District of Massachusetts, and state the following with regard to the undisputed material facts:

1. On July 12, 2004 at approximately 6:18 a.m. officers from the Holyoke Police Department responded to a report of an armed robbery at Sam's Food Store at 515 High Street. (Exhibit B p. 4).

2. Officer Narey was on patrol on Cabot street approaching High Street and observed a muscular dark skinned male with a red bandana on top of his head running from Sam's Food Store and enter 21 Worcester Place. (Exhibit B p. 4, 5).

3. Officers from the Holyoke Police Department entered 21 Worcester Place and observed a male inside on the landing. (Exhibit B p. 5).

4. Officers Usher and Officer Narey of the Holyoke Police Department entered into the stairway of 21 Worcester Place and proceeded up the stairs. (Exhibit. B p.5).

5. Officer Usher approached a male who they found inside on the landing of 21 Worcester Place and proceeded to handcuff and arrest him. Officer Usher escorted him down the stairs and brought him outside where he was placed into a

1

police cruiser. This individual was identified as the Plaintiff, David Ribeiro. (Ribeiro's Depo. pp. 50, 52, 55; Exhibit B p.6)

6. After a brief investigation and search of 21 Worcester Place's landings the police recovered several items (clothes, gun) believed to have been used in the armed robbery of Sam's Convenience Store. (Ribeiro's Depo. p. 53, 55, 56)

7. The Plaintiff was transported to Sam's Convenience Store for identification by the store clerk Syed Masood. (Ribeiro's Depo. Exhibit B p.6)

8. There was no questioning or communication between the Plaintiff and officers during his transportation to Sam's convenience store. (Ribeiro Depo. p.63)

9. When Plaintiff arrived at Sam's Convenience Store the police had the store clerk Syed Masood come and look at the Plaintiff. (Ribeiro Depo. p 66., Exhibit B p.6)

10. After the police had the store clerk look at the Plaintiff he was transported to the police station. (Ribeiro's Depo. p. 76).

11. The Plaintiff was not questioned nor spoken to by any officer during his transportation to the Holyoke Police Department. (Ribeiro's Depo. p. 80).

12. Defendant Kelly had arrived at the scene of the Plaintiff's arrest and assisted officers, but did not have any direct involvement with the Plaintiff arrest. (Ribeiro's Depo. p. 163).

13. Defendant Kelly never spoke with, threatened, made racial slurs, got angry or acted inappropriately towards the Plaintiff. (Ribeiro's Depo. pp. 71-73; 78).

14. The Plaintiff never saw or heard Defendant Kelly do anything wrong. (Ribeiro's Depo. pp. 132, 133,163).

15. The Plaintiff was transported back to the Holyoke Police Department and brought into the booking room. (Ribiero's Depo. p. 84).

16. Defendant Higgins was the commanding officer in the station when he entered the booking room and observed the Plaintiff there under arrest for an armed robbery. (Ribeiro's Depo. p. 85, Exhibit B p. 14).

17. The Plaintiff went through the booking process and was informed of his rights, which he was familiar with from previously being booked at the Holyoke Police department. (Ribeiro's Depo. pp. 84; 86; 88; 90).

18. Defendant Higgins informed the Plaintiff of the charges against him which included armed robbery while masked, possession of a firearm and possession of ammunition without a permit. (Ribeiro's Depo. pp. 88; 91-92.).

19. During the entire time the Plaintiff interacted with Defendant Higgins, Defendant Higgins never used threats, excessive force, violence or any racial slurs towards the Plaintiff. (Ribeiro's Depo. p. 85, 90).

20. The Plaintiff remained in the custody of the Holyoke Police Department for approximately one hour and during this period of time a collect telephone located in the holding cell was made available to the Plaintiff for his use. (Ribeiro's Depo. pp 97, 142, 144; Exhibit C, Plaintiff's Motion for Reconsideration to Include Defendant Lt. Michael Higgins in this civil action ¶ 7).

21. The Plaintiff was then transported to the Hampden District Court were he was arraigned and held on fifty thousand ($50,000.00) dollars cash bail. (Ribeiro's Depo. p. 97).

22. On July 24, 2004 the Plaintiff's criminal charges were presented to a Grand Jury by Assistant District Attorney Catherine Higgins and indictments were returned on July 27, 2004 for: 1) robbery, armed and masked M.G.L. 265 § 17, 2) firearm, carry without license M.G.L. 269 § 10, 3) firearm without FID card, possess M.G.L. 269 § 10, and 4) Firearm in felony, possess M.G.L. c. 265 § 18. (Ribeiro's Depo. p 100, Exhibit D).

23. During the course of Plaintiff's criminal proceedings he filed a motion to suppress statements alleging a violation of his Fifth and Fourteenth Amendment rights. (Exhibit E).

24. On February 17, 2005 Plaintiff's motion to suppress statements was heard in the Hampden Superior Court before Judge Curley. After full hearing the Plaintiff's motion to suppress statements was denied. (Ribeiro's Depo. pp 112, 135, 136; Exhibits D, E).

25. On May 2, 2005 Plaintiff requested a jury waived trial before Judge Velis for the charges arising from his July 12, 2004 arrest. Judge Velis conducted a colloquy and the Plaintiff executed a jury waiver. (Exhibit D).

26. On May 3, 2005 Plaintiff's jury waived trial was conducted and plaintiff was found guilty on four counts: Count 1) robbery, armed and masked M.G.L. 265 § 17, Count 2) firearm, carry without license M.G.L. 269 § 10, Count 3) firearm without FID card, possess M.G.L. 269 § 10, and Count 4) Firearm in felony, possess M.G.L. c. 265 § 18. (Exhibit D).

27. The Plaintiff was sentenced on Count 1 to MCI-Cedar Junction for the term of not more than 6 years and not less than 5 years, on Counts 2 & 3 to the Hampden County House of Correction for 1 year and on Count 4 to MCI-Cedar Junction for the term of not more than 5 years an not less than 5 years, from and after Count 1. (Exhibit D).

                                                Defendants, Michael Higgins and
Paul Kelly
By their attorneys,

/s/ Austin M. Joyce
Austin M. Joyce
BBO #: 255040
John K. Vigliotti
BBO #: 642337
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285