PLAINTIFFS EXHIBIT#2

Holyoke Police Department
Arrest Report

Page: 1
07/23/2004

Arrest #: 04-1867-AR
Call #: 04-25085

```
Date/Time Reported: 07/12/2004 @ 0619
  Arrest Date/Time: 07/12/2004 @ 0638
 Booking Date/Time: 07/12/2004 @ 0638
              OBTN: THOY200401867
             Court: Holyoke
        Court Date: 07/12/2004 @ 0900
 Reporting Officer: OFFICER MARTIN NAREY
   Booking Officer: Lieutenant MICHAEL HIGGINS
 Approving Officer: Lieutenant MICHAEL HIGGINS
         Signature: _____
```



| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | RIBEIRO, DAVID J<br>119 FEDERAL ST 2ND<br>SPRINGFIELD MA | M | W | 35 | 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 | 413-534-8875 |

```
         HEIGHT: 510    WEIGHT: 230          HAIR: BLACK      EYES: BROWN
           BODY: MUSCULAR                COMPLEXION: LIGHT BROWN
            DOB: 08/02/1968         PLACE OF BIRTH: MANHATTAN,NY
 LICENSE NUMBER: NOT AVAIL.              ETHNICITY: HISPANIC
```

_____[APPEARANCE]_____

```
                   SHIRT: SPORT - SHORT SLEEVE
            GLASSES WORN: NO

   SCARS: SC R ARM(4" TRICEP), SC R FGR(MIDDLE FINGER)
```

_____[FAMILY/EMPLOYMENT INFORMATION]_____

```
           MARITAL STATUS: SINGLE
            FATHER'S NAME: RIBEIRO, JOHN
            MOTHER'S NAME: QUINONES, GLADYS

               OCCUPATION: NONE
```

_____[RIGHTS/BOOKING CHECKS]_____

```
       RIGHTS ADVISED BY: Lieutenant MICHAEL J HIGGINS    DATE/TIME: 07/12/2004 @ 0638
              PHONE USED: Y          PHONED DATE/TIME: 07/12/2004 & 0638
         ARRESTEE SECURED: Y  07/12/2004   0639
         ARRESTEE CELL #: M-10

            FINGERPRINTED: Y
             PHOTOGRAPHED: Y
            SUICIDE CHECK: Performed
                  PERSONS: State&Federal
       NCIC VEHICLE CHECK: Not Performed
        INJURY OR ILLNESS: N  -  NONE
```

- 001

"DEFENDANT IS ENTITLED TO RELIEF IF IDENTIFICATION PROCEDURE WAS SO UNNECESSARILY SUGGESTIVE AND CONDUCIVE TO IRREPARABLE <u>MISTAKEN IDENTIFICATION</u> THAT HE WAS DENIED DUE PROCESS OF LAW" (COM. V. SIMMONDS,(1982) 434 N.E. 2d 1270,386 MASS.,234.

"TO TEST WHETHER A SINGLE-PERSON IDENTIFICATION IS CONSTITUTIONALLY SUFFICIENT UNDER DUE PROCESS CLAUSE IS WHETHER THE CONFRONTATION IS UNNECESSARILY SUGGESTIVE OF THE DEFENDANT,SO AS TO GIVE RISE TO A <u>VERY SUBSTANTIAL LIKELY-HOOD OF A MISTAKEN IDENTIFICATION</u>",COM. V. MOON (1980) 405-N.E.2d,947,380 MASS.,751.

Plaintiff was moving as to prevent officer Donze from forcably putting a mask on the plaintiff for a single identification.

At this time officer Donze was angry that plaintiff would not cooperate with his unprofessional conduct,he then proceeded to threaten plaintiff stating"you better cooperate with us you spic, or you will get it"

Plaintiff was terrified at this time.

It is ambiguous to plaintiff as to why his criminal trial was conducted in a closed court room but at sentencing,it was conducted in an open court?

5) Defendants attornies claim that the plaintiff had a trial and was convicted for the crimes he was charged with. Just because the plaintiff was convicted in a kangaroo court does not mean that the plaintiff was actually guilty of any crime. Plaintiff was apparently railroaded by his defense counsel because of plaintiffs indigency. There was no scientific evidence to link plaintiff to crime. All the commonwealth had was lying police officers, perjured testimony. There are many violations that transpired against the plaintiff at his trial. Plaintiff attempted to terminate his inept counsel by motion to dismiss appointed counsel but motion was denied. Plaintiffs prediction was right, he was wrongfully convicted. Thats why plaintiff tried to fire his inept counsel to avoid being railroaded and wrongfully convicted.

6) At the plaintiffs criminal trial were many erroneous decisions on pre-trial motions that will be properly addressed by the Appellate Court. Plaintiff believes that the Appellate Court will not be bias and in Hampden county.

7) Defendants attorney claims in his motion that Miranda warning rights are not a constitutional right. This claim is indicated on page 4 in defendants motion. Everyone in the legal profession knows that miranda rights are information regarding a suspects constitutional rights, especially when a suspect is being interrogated, as was the case in this matter.

It would be a feeble attempt on the part of the defense to try and say that miranda rights are not a constitutional right. Miranda warnings rights are self explanitory. The statements speak for themselves;

> "YOU HAVE THE RIGHT TO REMAIN SILENT",
>
> "ANYTHING YOU SAY MAY BE USED AGAINST YOU",
>
> "YOU HAVE A RIGHT TO AN ATTORNEY",
>
> "IF YOU CAN NOT AFFORD AN ATTORNEY, ONE WILL BE APPOINTED TO YOU".

8) How is a suspect suppose to know his miranda warning rights if police do not inform a suspect of his miranda rights? And let not the defense claim that plaintiff knows his miranda warning rights because the plaintiff just stated them.

The fact that plaintiff now knows his rights after the fact, is because the plaintiff has been studing the law since the duration of his false arrest and wrongful conviction.

9) The defense will do anything, to try and manipulate and twist the truth, use psycology, present false documentation to the court in this civil action, example;

Defense attornies conducted a deposition of the plaintiffs account of what transpired against the plaintiff by defendants. This deposition was conducted on April 19, 2004, in which the defense claims is their exhibit-A. The exhibit-A on page 144 line 7 and 8 are false and distored because plaintiff was mailed a copy of the transcript of the deposition. In the transcript attorney John Vigliotti stated that if there was any error in the transcript to fill out the errata sheet and mail the correct information back to him by May 20, 2005. The plaintiff did in fact acknowledge that there was an error in the transcript and plaintiff mailed the corrected errata sheet to John Vigliotti (defendants attorney). However, the error was not corrected, and ultimately atty. Austin Joyce submitted to the court a false distorded uncorrected copy of the deposition transcript and the stenographical error that plaintiff acknowledged was not presented to court.

Line 7, &8, and also 18&20.   (please see plaintiffs exhibit#3 )

10) As you can see from plaintiffs exhibit#3, which is a certified errata sheet and defense attorney John Vigliottis letter, with page 144 of the deposition transcript that was not edited or corrected.