UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

7:06 NOV -- 1, '06 F 8

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DAVID RIBEIRO,<br>   Plaintiff<br><br>v.<br><br>DAVID S. USHER, MARTIN W. NAREY,<br>PAUL M. KELLY, JAMES D. BRIANT, MICHAEL<br>HIGGINS, HOLYOKE POLICE DEPARTMENT,<br>EMIL MORALES, OFFICER DONZE, DISTRICT<br>ATTORNEY WILLIAM BENNETT, HOLYOKE<br>POLICE DEPARTMENT, COMMONWEALTH OF<br>MASSACHUSETTS and CITY OF HOLYOKE,<br>   Defendants | CIVIL ACTION<br>NO. 04-30201 MAP |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS DAVID S. USHER, MARTIN W. NAREY, JAMES D. BRIANT, EMIL MORALES, OFFICER DONZE AND THE CITY OF HOLYOKE FOR SUMMARY JUDGMENT**

  The above named Defendants by their counsel and pursuant to Rule 56 of the Federal Rules of Civil procedure, respectfully request that this Court enter summary judgment in their favor. As reasons therefore, the Defendants state the following:

  **This memorandum draws substantially from the Memorandum of Law filed herein by Reardon, Joyce & Akerson, P.C. on behalf of Defendants Paul Kelly and Michael Higgins because of the commonality of defenses in this action.**

## BACKGROUND

  The Plaintiff has brought a pro se complaint against various municipal, state and individual Defendants. The Plaintiff's complaint is a series of vague and broad allegations of police misconduct pursuant to 42 U.S.C. § 1983 which consist of failing to read the Plaintiff his Miranda warnings, subjecting him to racial slurs and epithets, threatening him, intimidating him and subjecting him to aggressive tactics so as to violate Plaintiff's rights as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to

1

the United States Constitution. (Amend. Complaint ¶¶ 1, 6, 7, 8, 10, 11, 13, 14, 15, 33, 34).

## ARGUMENT

### I. STANDARD OF REVIEW

Summary judgment shall be granted when there is no genuine issue as to any material facts and where the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). In reviewing a motion for summary judgment, a court should bear in mind that "[a] dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve could resolve the point in favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." (Internal citations omitted.) *Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000). Once the moving party identifies those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" that " it believes demonstrate the absence of a genuine issue of material fact," the adverse party may avoid summary judgment only by providing properly supported evidence of disputed material facts that would necessitate a trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The burden placed upon the party moving for summary judgment; specifically, the burden of showing there to be no genuine issues of material fact, rendering a judgment as a matter of law appropriate; can be satisfied in two ways. First, the moving party "may submit affirmative evidence that negates an essential element of the non-moving party's claim." *Kourouvaclis v. General Motors Corp.,* 410 Mass. 706, 715 (1991) (quoting *Celotex,* 477 U.S. at 331-32). Second, the moving party may attack the non-moving party's claim prima facie by demonstrating to the court that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *Id.* Once the moving party has satisfied this burden, the non-moving party may not rest upon the pleadings, but must allege specific facts establishing a triable issue in order to avoid the entry of summary judgment. *Id.* At 716.

## II. THE PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY THE ABOVE DEFENDANTS.

The Plaintiff's complaint alleges that under the jurisdiction of 42 U.S.C. § 1983 that he is "a citizen of the United States of America, who's Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated by the above Defendants in this action, in various ways, while acting under the color of law" resulting in violating the Plaintiff's civil rights and causing him damages. (Amend. Compl. ¶ 1). The Plaintiff claims that the above Defendants brought him before the victim of a crime in the back of a cruiser for the purpose of identification, refused the Plaintiff a telephone call, made racial slurs toward the Plaintiff and neglected to read the Plaintiff his Miranda rights. (Amend. Compl. ¶¶ 10, 11, 13, 14 and 15).

### A. The Plaintiff's § 1983 claim is insufficient as a matter of law.

The Plaintiff's compliant is nothing more than vague accusations alleging that his constitutional rights were violated pursuant to the jurisdiction of 42 U.S.C. § 1983. (Amend. Compl. ¶ 16). In order to bring a claim under § 1983, a plaintiff must demonstrate that a person acting under color of state law committed the conduct complained of and the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 1912 (1981). This is based upon the fact that § 1983 does not work to create substantive rights, but merely provides a civil remedy for violations of federal rights. *Martinez v. California,* 444 U.S. 277, 283 (1980). Here, there is no dispute that the above Defendants were acting under color of state law. As such the focus of their summary judgment motion is on Plaintiff's failure to show an underlying violation of the Constitution in order to establish a viable claim under 42 U.S.C. §1983.

### 1. Plaintiff admits that Defendants Usher, Narey, Briant and Morales did not violate his constitutional rights.

The Plaintiff specifically alleges in his complaint that the above Defendants "while acting in their official and personal capacities have violated the Plaintiff's Constitutional and Civil Rights because they had the Plaintiff brought before a victim of a crime in the back of a police cruiser for the purpose of identification, questioned him without reading him his Miranda Warnings and made racial slurs towards the Plaintiff."

3

(Amend. Compl. ¶¶ 10, 11, 13 and 14). Despite these allegations by the Plaintiff, at his deposition he testified that the only officer that swore and threatened him was Officer Donze. (Ribeiro's Depo. p. 155-57). Defendants submit that Plaintiff filed this action against anyone who filed an arrest report, not on the basis of what they did or did not do.

### 2. Defendant Donze's action, if true, do not raise to the level of violating Plaintiff's constitutional rights.

The Plaintiff testified at his deposition that he was placed in the back of a police cruiser and taken to the scene of the crime for identification. While at the crime scene Officer Donze attempted to place a mask on the Plaintiff, swore at him and used an epithet and the Plaintiff felt threatened. (Ribiero Depo. p. 141). Plaintiff does not allege that he was physically assaulted at the scene of arrest, at the scene of the crime or at the police station. He has not alleged that he was forced to make statements against his interest  Defendant Donze submits even if his actions took place, which he denies, they do not raise to the level of a § 1983 claim and that under the law the Plaintiff has failed to make a claim against him for which relief may be granted.

### 3. The defense of qualified immunity under the facts in this matter survives.

In determining whether qualified immunity is available to a particular defendant at a particular time requires a trifurcated inquiry. We ask first, whether the plaintiff has alleged a violation of a constitutional right. If so, we then ask whether the contours of the right were sufficiently established at the time of the alleged violation. Finally, we ask whether an objectively reasonable official would have believed that the action taken or omitted violated that right. We make these inquires in sequence, mindful that a single negative answer suffices to defeat the plaintiff's claim for damages. *Hatch v. Department for Children, Youth, and Their Families*, 274 F.3d 12 (1sr Cir. 2000) To ascertain the defendant's eligibility for qualified immunity, a court must inquire into the objective legal reasonableness of the defendant's actions, gauged in connection with the mosaic of legal rules that were clearly established when the defendant acted; in operation, the outcome of this inquiry depends substantially upon the level of generality at which the relevant legal rule is to be identified. *Iacobucci v. Boulter*, 193 F3d. 14 (1st

4

Cir. 1999). The above Defendants submit that they were acting reasonably when the Plaintiff was placed under arrest.

Other Circuits use the standard of "arguable probable cause." Noting in an unlawful arrest context, when the defense of qualified immunity has been raised, the court will review to determine if the officer actually had probable cause or, if there was no probable cause, whether there was arguable probable cause. *Wollin v. Gondert,* 192 F.3d 616 (7th Cir. 1999). A review of the circumstances of this case reveals that while the State Troopers, as stipulated, did not in fact have actual probable cause, and accordingly, it was objectively reasonable for the State Troopers to believe that probable cause existed. *Lee v. Sandberg,* 135 F.3d 94, 103 92D Cir. 1997). When the claim is that a search and seizure or arrest violated the Fourth Amendment, qualified immunity depends upon whether arguable probable cause existed. More specifically, the qualified immunity issue in such cases is not whether probable caused existed, but whether a reasonable officer possessing the information the defendant officer could have believed he did. *Cottrell v. Caldwell,* 85 F.3rd 1480, 1485 n.1 (11th Cir. 1996). Where unlawful arrest is alleged, issue for qualified immunity is not probable cause in fact, but arguable probable cause. *Habiger v. City of Fargo,* 80 F.3d 289, 295 (8th Cir. 1996).

### 4. Miranda warnings are not a constitutional right.

The Plaintiff claims a constitutional violation for failure to read him his Miranda warnings upon his arrest. (Amend. Compl. ¶37). Even assuming for the purpose of this summary judgment motion that the Plaintiff was not read his Miranda rights, his claims are never the less foreclosed as Miranda warnings are not a protected constitutional right for the purpose of a §1983 cause of action.

Although the Fifth Amendment is made applicable to the states by the Fourteenth Amendment, *Malley v. Hogan,* 378 U.S. 1 (1964), the Miranda warning requirement is "not itself required by the Fifth Amendment." *Connecticut v. Barrett,* 479 U.S. 523 (1987). In the Fifth Amendment context the courts have created "prophylactic rules designed to safeguard the core constitutional rights protected by the Self-Incrimination Clause." *Michigan v. Tucker,* 417 U.S. 433, 444 (1974). The "rules designed to

safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional right of any person. *Chavez v. Martinez,* 588 U.S. 760, 772 (2003). The Plaintiff's alleged constitutional violation is that Briant, Morales and Donze failed to read him his Miranda warnings. (Amend. Compl. ¶¶ 13, 14 and 15). The failure to read th Plaintiff his Miranda warnings in not a violation of constitutional rights, and thus could not be grounds for a § 1983 action against the officers. *Id.* Therefore, this portion of Plaintiff's claim against the above Defendants is barred by the Court's ruling in *Chavez.*

Should the Plaintiff argue that his claim is not just a Fifth Amendment violation but also a violation of his Fourteenth Amendment substantive due process rights to be free from coercive questioning his calm still must fail. The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property without due process of law." The Plaintiff is required to provide "a careful description of the asserted fundamental liberty interest for the purpose of a substantive due process analysis, vague generalities will not suffice." *Washington v. Glucksberg,* 521 U.S. 702, 721 (1997). The Plaintiff has failed to provide such a description as it is unclear what Due Process claim the Plaintiff asserts, if any, in his complaint. Additionally the Plaintiff has not presented any facts that "can be properly characterized as arbitrary or shocking in a constitutional sense" to support a due process claim. *County of Sacramento v. Lewis,* 523 U.S. 833, 847 (1998) quoting *Collins v. Harker Heights,* 503 U.S. 115, 128 (1992). Therefore, should this Court construe Plaintiff's complaint to include a due process claim, the above Defendants are entitled to summary judgment.

### 5. Plaintiff has no constitutional right to use a telephone.

In addition to alleging the failure of the Defendants to read him his Miranda warnings, the Plaintiff claims that Narey, Briant, Morales and Donze violated his constitutional rights because, while being held in the custody of the Holyoke Police Department, he was not allowed to use a telephone pursuant to state statute, M.G.L. c. 276 § 33A. This claim fails because §1983 protects only federal rights. In addition, Plaintiff was given access to a telephone and was aware of his statutory right while in the

custody of the Holyoke Police. (See p. 6-7 of Memorandum of Law in Support of Defendants Paul Kelly and Michael Higgins for Summary Judgment).

B. **The Plaintiff is barred from bringing a § 1983 action against the above Defendants.**

In addition to there being no constitutional violations by the above Defendants, the Plaintiff is barred from bringing a § 1983 action at this time. Plaintiff's amended complaint alleges that the above Defendants' actions violated his constitutional rights which contributed to his arrest. Since the filing the underlying criminal charges have made their way through the criminal process. (See Exhibit B). The Plaintiff has filed motions to suppress and has had a jury waived trial which resulted in a conviction and state prison sentence. (Exhibit B and C). Despite his convictions the Plaintiff continues to assert his claim that the above Defendants violated his constitutional rights and seeks to recover damages for alleged constitutional violations that are identical to the claims he asserted during the pendency of his criminal proceedings.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared by a state tribunal authorized t6o make such determination or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 5122 U.S. 477, 486-87 (1994). A claim for damages attacking a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* The district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* 487. The Plaintiff's allegations in his amended complaint make it clear that judgment in his favor would imply the conviction or sentence was invalid.

7

Upon review of Plaintiff's criminal docket he had not only one opportunity to be heard on his motion, but filed several motions during his criminal proceeding challenging the constitutionality of his arrest and indictment, the same issues he seeks to raise in this § 1983 action. (Exhibit B). A person claiming a federal right does not have an unrestricted opportunity to re-litigate an issue already decided in tate court simply because the issue arose in a state court proceeding in which he would rather not have been engaged. *Allen v. McCurry,* 449 U.S. 90, 104 (1980). To allow the Plaintiff to litigate the issues in this forum would inevitably be to re-litigate the suppression motion and his jury waived trial. The Plaintiff may not use the federal court to do this "while the criminal judgment remains un-reversed or un-vacated by the proper tribunal." *Cardillo v. Zyla,* 486 F.2d 473, 475 (1973). Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by a writ of habeas corpus. *Humphrey,* 512 U.S. at 489. In this case the Plaintiff has not and cannot demonstrate that his conviction or sentence has already been invalidated, the Plaintiff's § 1983 suit is barred.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, the above Defendants respectfully request that this Court enter summary judgment in their favor as to all counts against them in the Plaintiff's amended complaint.

DATE: November 17, 2006

DEFENDANTS DAVID S. USHER. MARTIN W. NAREY, JAMES D. BRIANT, EMIL MORALES, OFFICER DONZE, HOLYOKE POLICE DEPARTMENT and CITY OF HOLYOKE

By *[signature]*

Charles P. Lavelle

BBO No. 288420

Staff Attorney

City of Holyoke Law Department

20 Korean Veterans Plaza

Holyoke, MA 01040

(413) 322-5580