UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 DEC 26  A 11: 05

U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION-#-04-30201-MAP

DAVID RIBEIRO,PRO SE PLAINTIFF

V.

THE HOLYOKE POLICE DEPARTMENT

THE CITY OF HOLYOKE

POLICE OFFICER DONZE,

DEFENDANTS.

PLAINTIFFS OPPOSITION TO DEFENDANTS

SUMMARY JUDGEMENT MOTION.

1)on 7-12-04 the plain tiff was falsely arrested by defendants
on his way to work. Plaintiff stopped at building(place of
arrest)` to purchase his daily supply of marijuana.

2)While the plaintiff was waiting for his purchase,police came
into building with guns drawn and told plaintiff to show his
hands,plaintiff complied.

3)Police arrest plaintiff.Plaintiff ask police what he is being
arrested for,police did not say at that time.
Police ask plaintiff many questions about a robbery,gun and
mask.These questions were asked without any miranda warnings.

4)While plaintiff was handcuffed in back of cruiser,police
search building and find items used in a robbery,gun,mask
clothes in some trash on the top level of building,according
to what police testified to.

5)Plaintiff was taken to scene of crime for an unnecessarily
suggestive one on one confrontation for identification purposes.

6)The victim came out from a store to identify plaintiff in the
back seat of cruiser trough the back window(window was up).
Victim told police he was not sure if the plaintiff was the
person who robbed him.At this time officer Donze forceably
attempted to put mask on plaintiff,however,plaintiff was
moving and screaming to prevent officer Donze from putting
mask on plaintiff.Plaintiff was screaming telling officer
Donze that plaintiff did nothing wrong and that police had the
wrong guy.At this time officer Donze was angrym that plaintiff
was not cooperating and proceeded to threaten plaintiff
specifically saying"YOU BETTER COOPERATE WITH US YOU FUCKING
SPIC  OR YOUR GOING TO GET IT" then he continued to say
"people like you ruin our city"

7)At this time plaintiff was terrofied.When the victim stated
to police that he was not sure if the plaintiff was the person
who robbed him police stated to victim"YEAH THATS HIM!"
There was never a positive identification by victim.

7) Police never conducted a photo array or a line-up.

plaintiff: was transported to police station. At police station

plaintiff was telling police that he did not commit the crime

that he is accused of. Plaintiff tried to explain to police that

a man ran into the building while I (the plaintiff) was waiting

for his marijuana purchase. Police did not want to hear what

the plaintiff had to say.

8)LT. Micheal Higgins attempted to use coercion,word manipulation

and trickery to claim that plaintiff confessed to crime.

### PLEASE SEE EXHIBIT #1 POLICE REPORT,

As you can see LT. Micheal Higgins attempted to make plaintiff

confess.However plaintiff never confessed to any crime,police

dont have an electronic recording of allegded confession and

plaintiff never signed a certified statement against himself

admitting to any crime. One of the many lies by police the

plaintiff can prove is that police claim that defendant was

mirandized and that plaintiff signed miranda warning card.

### PLEASE SEE EXHIBIT #-2 UNSIGNED MIRANDA CARD

Police claim in report several times that plaintiff was mirandized

and that plaintiff signed miranda warning card.

### PLEASE SEE EXHIBIT #2 ALSO.,FABRICATED POLICE REPORT.,

9)At statement suppression hearing dated 2-17-05 police officer

Donze attempted to change the police report at all cost including

perjuring himself by testifying at said hearing to    say

"The defendant refused to sign miranda warning card".
Officer Donze only changed his story after my attorney made

him aware of what police wrote in police report and the

conflicting statements by police officers at statement

suppression hearing.

DEFENDANTS EXHIBIT#1 POLICE REPORT
INDICATING AN ALLEGDED CONFESSION
WITH NO EVDENCE SHOWING A VOLUNTARY
WAIVER. EVEN IF THE DEFENDANT DID
CONFESS TO CRIME THE REPORT SHOWS
THAT THE ALLEGDED CONFESSION
WOULD HAVE BEEN INVOLUNTARY
ACCORDING TO LAW.

- While in the station as Commanding Officer I went to booking area as there was a subject there under arrest for an armed robbery from High Street that just occured.

- Upon arrival I found a male subject (MR. DAVID RIBEIRO) standing before booking desk and he was saying we had the wrong person and that he did nothing wrong. I took notice that this party was sweating heavily and was unable to stand still and kept walking around booking area.

- MR. RIBEIRO was given his miranda rights and was asked questions to complete booking reports which included his home address. Upon completion of booking he was informed of charges

> 1) Armed Robbery while Masked
> 2) Possession of Firearm without LTC
> 3) Possession of Ammunition without Permit

He was again given his miranda rights and told of right to use phone to assist himself with bail.

- Knowing that Springfield and area Police Departments were investigating armed robbery complaints the last few weeks and MR. RIBEIRO stated he lived in Springfield I went out to take further look at MR. RIBEIRO physical description.

- When I re-entered the booking area I found that MR. RIBEIRO was sitting on floor waiting to be printed. He was still saying that he did nothing wrong and that we got the wrong guy and continued to say the same thing over and over. I asked him if he had told me he lived in Springfield and he told me yes. I said you're not the guy who's not been holding up places in Springfield are you? He asked me what I meant by that? I told him that Springfield Police were looking for a muscular male who was holding up stores and asked if he did those hold-ups?

- MR. RIBEIRO stated he didn't do any of those hold-ups and said to have Springfield Police come and look at him. I then said to him you didn't do those hold-ups you only did this one? MR. RIBEIRO then said, yea I only did this one. When I pointed out his admission to the armed robbery he quickly changed his story and said he didn't rob anything.

> PLEASE NOTICE IN THE LAST TWO PARAGRAPHS
> OF THIS PAGE THAT LT.HIGGINS WAS CLEARLY
> USING COERCION TO ATTEMPT TO MAKE THE PLAINTIFF
> MAKE AN ALLEDGED CONFESSION.
> THIS IS ANOTHER LIE BY POLICE,PLAINTIFF NEVER
> CONFESSED TO ANY CRIME.

MASS.CRININAL PRACTICE VOL.#1
§ 19.4B.C INVOLUNTARYNESS OF
CONFESSION

"A CONFESSION TO BE ADMISSIBLE MUST BE THE PRODUCT OF A FREE
 INTELLECT,FREE AND VOLUNTARY,..THE PRODUCT OF A RATIONAL INTELLECT
 AND FREE WILL,...AND A MEANINGFUL ACT OF VOLITION.
 CONFESSIOIN S ARE INVOLUNTARY OR COERCED IF THE SUSPECTS WILL HAS
 BEEN OVERBORNE.AT COMMON LAW SUCH CONFESSIONS WERE EXCLUDED AS
 UNRELIABLE AND THEREFORE INCOMPETENT.
 BASING A CONVICTION IN WHOLE OR IN PART ON AN INVOLUNTARY CONFESSION
 ALSO VIOLATES     DUE PROCESS UNDER THE 14th AMENDMENT AND
 ARTICLE 12 OF THE MASS.DECLARATIONS OF RIGHTS.WITHOUT REGARD
 FOR THE TRUTH OR FALSITY OF CONFESSION...AND EVEN THOUGH THERE
 IS AMPLE EVIDENCE ASIDE FROM THE CONFESSION TO SUPPORT THE CONVIC TION.

THIS RULE OF EXCLUSION PROTECTS HUMAN DIGNITY BASIC FAIRNESS
AND THE PRIVILEGE AGAINST SELF INCRIMINATION,IN ADDITION TO
EVIDENTIARY RELIABILITY.UNLIKE THE 5th AND 6th AMENDMENT
EXCLUSIONARY RULES,THE RULE EXCLUDING COERCED CONFESSIONS
INCLUDING THE COMMONWEALTHS"HUMANE PRACTICE" APPLIES TO COERCIVE
ACTIONS OF PRIVATE CITIZENS AS WELL AS LAW ENFORCEMENT AGENTS.


                    COM V.VASQUEZ,387 MASS.96.101,N.9(1982)
COM V.ALLEN,395 MASS.448,455(1985) COM V.MAHNKE,368 MASS.661-
680,(1975) COM V.MANDILE,397 MASS.410,413(1986)
MIRANDA V.ARIZONA,384 U.S 436,476,(1966)


ANY EVIDENCE THAT THE ACCUSED WAS THREATENED,TRICKED OR CAJOLED
INTO A WAIVER WILL OF COURSE SHOW THAT THE DEFENDANT DID NOT
VOLUNTARILY WAIVE HIS PRIVILEGE.

PLAIN TIFFS EXHIBIT-2

FABRICATED POLICE REPORT INDICATING LIE BY POLICE THAT PLAINTIFF
WAS MIRANDIZED AND SIGNED MIRANDA WARNING CARD.


ALSO IN EXHIBIT#-2 IS THE MIRANDA CARD WITHOUT PLAINTIFFS
SIGNITURE CONTRARY TO WHAT POLICE CLAIM IN REPORT.

Arrest #: 04-1867-AR
Call #: 04-25085

**OFFENSE(S)**                                                    **A/C STATE LAW**

LOCATION TYPE:  Convenience Store                  Zone: RA-1
SAMS FOOD STORE
515 HIGH ST
HOLYOKE MA 01040

ROBBERY, ARMED & MASKED                                C    265           17
               OCCURRED: 07/12/2004    0619
          WEAPON/FORCED USED: Handgun

FIREARM,CARRY WITHOUT LICENSE                    -    C    269          10(A)
          CRIMINAL ACTIVITY: Using/Consuming
          WEAPON/FORCED USED: Handgun

FIREARM, AMMO WITHOUT FID CARD,POSSESS               C    269          10/G
          CRIMINAL ACTIVITY: Using/Consuming
          WEAPON/FORCED USED: Other

**OTHER PROPERTIES**                        **PROPERTY #**        **STATUS**

.38  SMITH WESSON SPECIAL CTG              04-1639-PR        Suspected
QUANTITY: 1                     VALUE: $251.00
SERIAL #: D490506
     DATE: 07/12/2004
     OWNER: RIBEIRO, DAVID J

6 BULLETS -/ 1 SILVER / 5 BRASS  ROUNDS   04-1640-PR        Suspected
QUANTITY: 6                     VALUE: $0.00
SERIAL #: NOT AVAIL
     DATE: 07/12/2004
     OWNER: RIBEIRO, DAVID J

309.00 US DOLLARS VARIOUS BILLS           04-1641-PR        Recovered (Previously Stolen)
QUANTITY: 137                   VALUE: $309.00
SERIAL #: NOT AVAIL
     DATE: 07/12/2004
RECOVERED: 137        VALUE: $309.00              DATE: 07/12/2004
     OWNER: RIBEIRO, DAVID J

1 RED WITH WHITE BANDANA                  04-1642-PR     .  Suspected
QUANTITY: 1                     VALUE: $5.00
SERIAL #: NOT AVAIL
     DATE: 07/12/2004
     OWNER: RIBEIRO, DAVID J

1 RED DOO RAG                             04-1643-PR        Suspected
QUANTITY: 1                     VALUE: $5.00
SERIAL #: NOT AVAIL
     DATE: 07/12/2004
     OWNER: RIBEIRO, DAVID J

1 MIRANDA CARD SIGNED BY DAVID RIBEIRO    04-1644-PR        Held for Safe Keeping
QUANTITY: 1                     VALUE: $0.00
SERIAL #: NOT AVAIL
     DATE: 07/12/2004

Iie/#2

Ref: 04-1867-AR

On July 12th at approximately 0619hrs while assigned to car 361, we responded to Sams Food Store    (515 High St.) for a 911 hang up. Dispatch informed us that they called the store back and the clerk stated he was just robbed.  A description was given of a red masked man with a gun.

Officer Narey ,Car 311 stated he has the suspect running down towards Worcester Place.  We then made our way to the front of  17-19-21-23 Worcester Place where officer Narey  stated he ran into the door way of this address.  Officer Narey pointed to 21 Worcester Place.  A code 1 was called (Radio silence) and officer Narey and myself entered the door way  which had no first floor apartments.  We  withdrew our service weapons for safety and started our way up the stairs.  Other officer were surrounding the building.  We made our way to the stair way of the second floor landing and looked up to the third floor landing and saw a male wearing a red shirt and was trying to hide to the our left side of the stairway.

We then ordered the male to show us his hands and ordered him out into the open.

The male then walked out into the open with his hands out and he was ordered not to move.  He started to walk down the stairs and I (Usher) holstered my weapon and went up to met him and handcuffed this male. This male, later known as David Ribeiro, was then given over to officer Morales and Briant.

Myself and officer Morales then went to the top floor landing (3rd) and looked to the area where Mr. Ribeiro was hiding.  In that area we noticed trash and a bike in the corner with a blue jacket hanging over that area. I then looked under the jacket and noticed a large amount of money thrown about.  We then noticed a red bandana on the ground and a chrome colored handgun was wrapped inside the bandana.  The evidence was taken into custody by me (Usher) and later placed into evidence.

Outside , Mr. Ribeiro , was transported to Sams Food Store by car 321(Morales) where he was positively ID'ed as the suspect who robbed the store by the victim (Syed Masood).  The victim  stated that he had a blue jacket on and officer Morales showed him the jacket we found on the third floor and he positively IDed that as the jacket he was wearing.  I then showed the victim (Syed Masood) the hand gun and tbe bandana and he positively ID'ed tbem as the gun and the red mask used by the suspect.

 He was then transported tot he station where he was booked and advised of his rights by Lt. Higgins. At the station evidence was tagged and placed into evidence by officer Usher.

Evidence as follows:    04-1639-pr   (1 smith wcsson 38 special) loaded at time of recovery

04-1640-pr   (6 bullets -taken out of gun at station)

04-1641-pr   (309.00 us dollars-  104- 1$ bills/  25- 5$ bills/ 8- 10$ bills

04-1642-pr   (1 red with white bandana)

04-1643-pr   (1 red doo rag found by officer Briant)

04-1644-pr   (1 miranda card signed by suspect)

04-1645-pr   (1 blue wind breaker jacket)

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CRIMINAL ACTION
NO. 04-0913-01 thru
04-0913-04

### COMMONWEALTH

### V.

### DAVID RIBEIRO

### RECEIPT of DISCOVERY

Attached please find Discovery pages numbered 018 thru 020 regarding the above mentioned matter.

THE COMMONWEALTH,

Karen Bell (er)
Karen Bell
Assistant District Attorney

---
Edward Fogarty, Esq.
Defense Attorney

December 21, 2004

---
Date



## MIRANDA WARNING

1. "Before we ask you any questions, you must understand your rights."

2. "You have the right to remain silent."

3. "Anything you say can be used against you in court."

4. "You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning."

5. "If you cannot afford a lawyer, one will be appointed for you before questioning if you wish."

7/12/04          0630 hrs          _____
(Date)              (Time)                    (Signature)

Ofc. Wm. Kelly #          _____ #243
(Signature of witness)      242          (Signature of Pol. Off)

Rev. Apr. 93

On 8-5-04 I completed processing the .38 caliber Smith and Wesson revolver and the six rounds of .38 caliber ammunition recovered by officers at 21 Worcester Place. I was not able to develop any fingerprints of value from that evidence.

Returned to evidence officer.

Ultimately,police committed perjury when they lied on the witness
stand in regard to the plaintiff being positively identified,
police lied about the plaintiff being mirandized,and police
also lied about the plaintiff being allowed to use the
telephone,and police lied in regard to where the plaintiff was
viewed by victim at show-up identification.Police report indicates
that the plaintiff was viewed by victim in back seat of cruiser
through the back window(window up)(see plaintiffs exhibit#-3).
Officer Donze lied and changed what was written in police
report to testify and say at statement suppression hearing
dated 2-17-05 and stated that the plaintiff was viewed by victim
while plaintiff was standing outside the cruiser.
The victim at trial stated that he viewed the plaintiff while
the plaintiff was seated in cruiser with door open.
It is apparent that police lied ,victim lied,everyone lied
to cover-up the fact that police arrested the wrong person for
a crime  the plaintiff did not committed.
The victim at trial dated 5-3-05 stated that his perpertrator
was five foot six inches tall,the plaintiff is five foot ten
inches tall.The victim also stated at trial that his
perpertrator was of dark brown skin color.The plaintiff is and
olive skinned hispanic.

**M.G.L.A 268ß 1,page 359-perjury.,**

"WHOEVER BEING LAWFULLY REQUIRED TO DEPOSE THE TRUTH IN A JUDICIAL
PROCEEDING OR IN A PROCEEDING IN A COURSE OF JUSTICE WILLFULLY
SWEARS OR AFFIRMS FASLEY IN A MATTER MATERIAL TO THE ISSUE
OR POINT IN QUESTION,OR WHOEVER BEING REQUIRED BY LAW TO TAKE
AN OATH OR AFFIRMATION IS REQUIRED,SHALL BE GUILTY OF PERJURY.
WHOEVER COMMITTS PERJURY ON THE TRIAL OF AN INDICTMENT FOR A
CAPITAL CRIME SHALL BE PUNISHED BY IMPRISONMENT IN THE STATE
PRISON FOR LIFE,OR ANY TERM OF YEARS,AND WHOEVER COMMITTS
PERJURY IN ANY OTHER CASE SHALL BE PUNISHED BY IMPRISONMENT
IN THE STATE PRISON FOR NOT MORE THAN TWENTY YEARS OR BY A
FINE OF NOT MORE THAN ONE THOUSAND DOLLARS OR BY IMPRISONMENT
IN JAIL FOR NOT MORE THAN TWO AND A HALF YEARS,OR BY BOTHꞴ
SUCH FINE AND IMPRISONMENT IN JAIL".

PLAINTIFFS EXHIBIT#-3

FABRICATED POLICE

REPORT

On 07/12/2004 @ 0618 hrs. while in car#351(Narey) heading east bound on cabot st. approaching High St. I observed a muscular dark skinned male with a red bandana on top of his head wearing a dark blue and white jacket run diagonally across cabot and High St. and down Cabot St. toward Commercial st. from the sidewalk in front of Sam's convenience store.The dark skinned male then ran into an alley from Cabot St. between Commercial St. and High st. toward Worcester place.

As I was driving over Commercial St I heard a transmission from the dispatcher at 0619 hrs. that an armed robbery just occured at Sam's convenience store and the suspect had a red mask armed with a handgun. When I turned the corner from Commercial St. onto Worcester place I observed the same dark skinned male with the blue and white jacket and the red bandana on his head come from the same alley onto Worcester Place that I saw him run into on Cabot St. When he saw me he ran across the street and hid behind a parked car in front of 21 Worcester place. I then radioed to all units to go to Worcester place. When he saw me approaching with my cruiser he ran into 21 Worcester place and left the front door open. These are town houses which are side by side with only one front entrance and one stairway for each. I radioed that he ran into 23 Worcester place but the address was 21 Worcester place. Car#361 (Usher) then arrived and I pointed to officer Usher that the male ran into the open door at 21 Worcester place. We then proceeded into the stair way when we arrived on the second floor landing we looked up to the third floor landing and observed a male was trying to hide in the corner of the third floor landing. I drew my service weapon and covered Officer Usher who then proceeded up the stairs yelling to the male to show us his hands and he complied. Officer Usher then placed handcuffs on this male and escorted him down the stairs past me. This was the same person I saw run from the store and into the alley.This was also the same person who was behind the car and run into the open door at 21 Worcester place. but at this point did not have the jacket on. Officers Morales and Briant and Kelley were also behind me at this point. The male went with Officer Briant and Officer Briant read his rights while escorting then outside. and put him in officer Morales cruiser #321.I stayed a few minutes on the second floor landing then left the building and went outside. I stayed with Officer Briant while Officer's Morales and Usher were still in the stair way at 21 Worcester place. When Officer's Usher and Morales came out Officer Morales transported the suspect to Sams Convenience store for Identification. The clerk Syed Masood positively I.D.'d the male in the back seat of 321 through the window of the cruiser. He (David Ribeiro) was then transported to the station by car#321 and was booked and read his rights by Lt. Higgins.

I stayed at Sam's and spoke to the clerk to get the facts as to what happened. the clerk identified himself to me as Syed Masood.j Syed stated that while he was behind the counter counting the evening receipts he was looking down and counting the money. He heard the front door open and observed a dark skinned muscular male with a dark blue or black jacket with a red bandana covering his entire face except his eyes run over to the left side of the counter and enter the door that leads to the back of the counter where the clerk was standing counting the money . He stated that the muscular male then pointed a silver handgun at him and told him to open the register. The suspect stated if he didnt open the register he would shoot him. The clerk opened the register and the suspect then grabbed all the bills and left the change in the register. The suspect then grabbed all the loose money and held it in his hand and pointed the gun at and told him to go into the storage room and if he did not go in the suspect was going to shoot the clerk. The clerk went into the storage room and as he did this the suspect ran out the front door. The clerk said he went right to the telephone and dialed 911. When he dialed 911 he saw my cruiser drive by on Cabot St. approaching High St. and hung up the phone and ran out of the store to get my attention. When he realized he did not get my attention he ran back in the store and our dispatcher (Burns) had called him. He told our dispatcher he was robbed at gun point and gave the description to our dispatcher. Our dispatcher then gave out to all units that Sam's was robbed. The clerk stated he was unsure how much money was taken since he was just counting the receipts when the robbery occured.
Officer Usher tagged all evidence found and placed the evidence into the evidence room.                          0 0 5

PLAINTIFFS EXHIBIT#4

FABRICATED POLICE

REPORT INDICATING

DEFENDANT WAS

ALLOWED TO USE

TELEPHONE,WHEN DEFENDANT

WAS NOT ALLOWED

TO USE TELEPHONE

# Holyoke Police Department
## Arrest Report

Page: 1
07/23/2004

## Arrest #: 04-1867-AR
## Call #: 04-25085



| | |
|---|---|
| Date/Time Reported: | 07/12/2004 @ 0619 |
| Arrest Date/Time: | 07/12/2004 @ 0638 |
| Booking Date/Time: | 07/12/2004 @ 0638 |
| OBTN: | THOY200401867 |
| Court: | Holyoke |
| Court Date: | 07/12/2004 @ 0900 |
| Reporting Officer: | OFFICER MARTIN NAREY |
| Booking Officer: | Lieutenant MICHAEL HIGGINS |
| Approving Officer: | Lieutenant MICHAEL HIGGINS  - |
| Signature: | _____ |

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | RIBEIRO, DAVID J<br>119 FEDERAL ST 2ND<br>SPRINGFIELD MA | M | W | 35 | 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 | 413-534-8875 |

HEIGHT: 510    WEIGHT: 230          HAIR: BLACK    EYES: BROWN
BODY: MUSCULAR          COMPLEXION: LIGHT BROWN
DOB: 08/02/1968          PLACE OF BIRTH: MANHATTAN,NY
LICENSE NUMBER: NOT AVAIL.          ETHNICITY: HISPANIC

[APPEARANCE]

SHIRT: SPORT - SHORT SLEEVE
GLASSES WORN: NO

SCARS: SC R ARM(4" TRICEP), SC R FGR(MIDDLE FINGER)

[FAMILY/EMPLOYMENT INFORMATION]

MARITAL STATUS: SINGLE
FATHER'S NAME: RIBEIRO, JOHN
MOTHER'S NAME: QUINONES, GLADYS

OCCUPATION: NONE

[RIGHTS/BOOKING CHECKS]

RIGHTS ADVISED BY: Lieutenant MICHAEL J HIGGINS     DATE/TIME: 07/12/2004 @ 0638
PHONE USED: Y          PHONED DATE/TIME: 07/12/2004 & 0638
ARRESTEE SECURED: Y  07/12/2004  0639
ARRESTEE CELL #: M-10

FINGERPRINTED: Y
PHOTOGRAPHED: Y                 POLICE DID NOT ALLOW DEFENDANT
SUICIDE CHECK: Performed
PERSONS: State&Federal         TO USE TELEPHONE EVEN AFTER
NCIC VEHICLE CHECK: Not Performed
INJURY OR ILLNESS: N  -  NONE
                                DEFENDANT REQUESTED TO DO SO

001

MASS.PRACTICE CRIMINAL LAW #32 PAGE 20 § 26.

procedure after arrest-telephone-call.,

A PERSON HELD IN CUSTODY SHALL BE PERMITTED TO USE TELEPHONE AT

HIS OWN EXPENSE. THIS USE IS FOR PURPOSE OF ALLOWING THE ARRESTED

PERSON TO COMMUNICATE WITH HIS FAMILY,FRIENDS,OR TO ENGAGE THE

THE SERVICES OF AN ATTORNEY,OR TO ARRANGE FOR RELEASE ON BAIL.

THE STATUE REQUIRES THAT THE PERSON BE INFORMED OF HIS RIGHT TO

USE THE TELEPHONE UPON HIS ARRIVAL AT SUCH PLACE OF DETENTION."

 SUCH USE SHALL BE PERMITTED WITHIN ONE HOUR THERE AFTER.

IF THE ARRESTED PERSON IS INTENTIONALLY DEPRIVED OF HIS RIGHT TO

USE THE TELEPHONE,EVIDENCE OBTAINED AS A RESULT OF SUCH

INTENTIONAL DEPRIVATION SHALL BE SUPPRESSED.

WHERE POLICE REFUSE TO LET THE DEFENDANT USE THE TELEPHONE TO

CALL HIS FRIENDS OR FAMILY OR A LAWYER WOULD BE IN VIOLATION

OF M.G.L.A.(C)±§§ 33A AND THE STATE DECLARATION OF RIGHTS.

10)Police already had the plaintiff in custody, so why
   would police look for the real perpertrator.That would mean
   police  would have to actually look for the person who robbed
   the victim.That would also mean that police would have to
   admit they arrested the wrong person for said crime.

11)Another lie by police is police claim that they allowed plaintiff
   to use the telephone.Plaintiff was not allowed to use tele-
   phone even after plaintiff requested to do so.
  (PLEASE SEE EXHIBIT#-4 FABRICATED POLICE REPORT)

12)Police never conducted a photo-array or a physical line-up.
    If police would have utilized these non-suggestive
    procedures,the plaintiff would not have been convicted for a
    crime he did not committ.

13) By police not conducting photo-array or line-up violates
    thep plaintiffs due process rights under 14th amendment.

"TO SUPPRESS IDENTIFICATION TESTIMONY,DEFENDANT MUST SHOW
THAT PROCEDURES EMPLOYED UNDER THE TOTALITY OF CIRCUMSTANCES
WERE SO UNNECESSARILY SUGGESTIVE AND CONDUCIVE TO MISTAKEN
IDENTIFICATION AS TO DENY DEFENDANT DUE PROCESS OF LAW".
COM V.LEONARDI(1992) 604,N.E.2d,23 MASS.757.

 "DEFENDANT IS ENTITLED TO RELIEF IF IDENTIFICATION PROCEDURE
 WAS SO UNNECESSARILY SUGGESTIVE AND CONDUCIVE TO
 IRREPARABLE MISTAKEN IDENTIFICATION THAT HE WAS DENIED DUE
 PROCESS OF LAW-COM V.SIMMONDS,(1982)434,N.E 2d,1270,386 MASS.-
 234.

"TEST WHETHER A SINGLE IDENTIFICATION IS CONSTITUTIONALLY

SUFFIENT UNDER DUE PROCESS CLAUSE IS WHETHER THE CONFRONTATION

IS UNNECESSARILY SUGGESTIVE OF THE DEFENDANT,SO AS TO GIVE RISE

TO A VERY SUBSTANCIAL LIKELYHOOD OF A MISTAKEN IDENTIFICATION,

COM V.MOON(1980) 405 N.E.2d 947,380 MASS.751

### SHOW-UP IDENTIFICATION

"AN IDENTIFICATION THAT RESULTS FROM THE PRESENTATION OF A SINGLE

SUSPECT TO A WITNESS HAS BEEN CONSIDERED PARTICULARLY SUGGESTIVE

AND FRAUGHT WITH THE POTENTIAL FOR TRAGIC ERROR,LEADING THE

UNITED STATES SUPREME COURT TO CONDEMN"THE PRACTICE OF SHOWING

SUSPECTS SINGLY TO PERSONS FOR THE PURPOSES OF IDENTIFICATION,AN D

NOT PART OF A LINE-UP...STOVALL V.DENNO,388 U.S.293,302,87 S.CT.

1967,18 L.Ed.2d,1199(1967)ALTHOUGH ONE-TO-ONE CONFRONTATIONS ARE

NOT PER SE EXCLUDABLE,THEY ARE DISFAVORED BECAUSE OF THEIR

INHERENTLY SUGGESTIVE NATURE,DEJESUS-RIOS 990 F.2d AT 677;U.S.V.

HINES 55 F.SUPP.2d 62,69(D MASS. 1999)SEE U.S.V.WATKINS,741,F.2d

692,694(5th CIR 1984) IN THE INSTANT CASE,THERE WERE NO EXIGENT

CIRCUMSTANCES SUCH AS A DYING VICTIM,WHICH WOULD WARRANT A ONE-ON

ONE PROCEDURE.Stovall,388,u.s.at 302. In the present case,the

defendant was brought to the allegded victim in a marked police

cruiser after he had been placed in custody."THE VICE OF SUGGES-

TION CREATED BY THE IDENTIFICATION...WAS THE PRESENTATION TO WITNESS

OF THE SUSPECT ALONE HANDCUFFED TO POLICE CRUISER.IT IS HARD TO

IMAGINE A SITUATION MORE CLEARLY CONVEYING THE SUGGESTION TO THE

WITNESS THAT THE ONE PRESENTED IS TO BE BELIEVED GUILTY BY THE

POLICE WADE,388 U.S. AT 234.

> NOTE:THE COMMONWEALTH DID NOT MEET THE TEST
> PURSUANT TO THE WADE-STOVALL-GILBERT
> TRILOGY IN IDENTIFICATIONS.,RELIABILTY TEST

IN MASON V.BRATHWAITE,"THE COURT ACKNOWLEDGES THAT A WITNESS,S

RECOLLECTION CAN BE DISTORDED EASILY BY THE CIRCUMSTANCES OR BY

LATER ACTIONS OF THE POLICE OR PROSECUTORS"

STOVALL V.DENNO,388 U.S.293,87 S.CT.(1967)

COM V.JOHNSON,CITE  AS 650 N.E.2d 1257(1995)

Nor did the commonwealth meet the prong standards pursuant

MASON V.BRATHWAITE.

"MANY TIMES IN CRIMINAL CASES THE FACT THAT A CRIME OCCURED IS

QUITE CLEAR;PERHAPS THERE IS A DEAD BODY OR A BURNED HOME,

HOWEVER, THE IDENTIFICATION OF THE DEFENDANT AS A CULPRIT WILL

BE THE SALIENT ISSUE AT TRIAL. MANY SOCIAL SCIENTISTS AND PSY-

CHOLOGISTS HAVE CONDUCTED COUNTLESS STUDIES DEMONSTATING THE

INACCURACY OF IDENTIFICATION.FURTHER,SOME STUDIES SHOW that THE

POLICE EXASPERATE THE INACCURACIES THROUGH THE MEANS BY WHICH

THEY CONDUCT THE IDENTIFICATION PROCEDURE THERE ARE PROBLEMS

WITH ALL types of procedures including but not limited to:

photo ARRAYS WHERE ALL PHOTOGRAPHS ARE SHOWN AT THE SAME TIME

RATHER THAN SEQUENTIALLY,INADVERTENT SUGGESSTIVE TECHNIQUES

BY THE POLICE,AND THE EFFECT OF THE POLICE OFFICER CONDUCTING

THE IDENTIFICATION PROCEDURE KNOWING THE SUSPECT.

INTERRACIAL IDENTIFICATIONS HAS ALWAYS BEEN A PROBLEM.HOWEVER,

AS THE STUDIES DEMONSTRATE,VERY FEW OF US CAN DESCRIBE ANY

INDIVIDUAL WE MEET OR SAW FOR A BRIEF TIME.

Even though the identification was suppressed,the defendant

should not have been convicted because the identification is

what the whole case is about.If police would have done a photo
array or line-up,those procedures would have proved that the
defendant did not commit the crime.

IN STOVALL V.DENNO.,

> "CONFRONTATION OF ACCUSED FOR IDENTIFICATION
>
> IS CRITICAL STAGE OF PROCEEDINGS AND COUNSEL
>
> IS REQUIRED AT ALL SUCH CONFRONTATIONS

IN STOVALL ID COURTS KEY-100(1)

> - "RETROACTIVE APPLICATION OF RULES REQUIRÊNG
>   EXCLUSION OF IDENTIFICATION EVIDENCE WHICH
>   IS TAINTED BY EXHIBITING ACCUSED TO IDENTIFYING
>   WITNESSES BEFORE TRIAL IN ABSENCE OF HIS
>   COUNSEL WOULD SERIOUSLY DISRUPT ADMINISTRATION
>   OF CRIMINAL LAWS"

as the Appeals Court has noted:
"IN ESSENCE,THE REVIEWING COURT APPLIES A TEST OF FAIRNESS
WHICH FOCUSES ON THE REASONABLENESS OF THE POLICE PROCEDURES IN
████=
TERMS OF PREJUDICE...THE TEST BALANCES THE NEED FOR EFFICIENT
POLICE WORK IN THE AFTERMATH OF A SERIOUS CRIME AGAINST THE
DEFENDANTS CONSTITUTIONAL RIGHT THAT IDENTIFICATIONS MADE OF
HIM DERIVE FROM THE WITNESSES INDEPENDANT MEMORY OF THE
CRIMINAL FREE OF IMPROPER SUGGESTIONS BY POLICE.
COM V.VASQUEZ,415 N.E.2d 858,861(1981).CLEARLY THE DEFENDANT
HAS THE INITIAL BURDEN OF SHOWING BY A PROPONDERANCE OF THE
EVIDENCE,THAT THE CONFRONTATIOON WAS UNNECESSARILY SUGGESTIVE.

COM V.BOTELHO,343 N.E.2d AT 881.

It is respectfully submitted that the facts present in the
plaintiffs case have satisfied that burden.
Because of the arresting officers inept procedures by not
conducting photo-array or line-up has caused the plaintiff
an extreme miscarriage of justice and ultimately a false
arrest and wrongful conviction was the result.

14)The plaintiff further contents that the conduct of the police
   was so egregious and caused prejudice to the plaintiff,that

   dismissal of the charges with prejudice is required.,,
   COM V.MANNING,373 MASS.438,367,N.E.2d,636(1977).
   COM V.CINELLI,389 MASS.197,449 N.E 2d 1207(1983).
   COM V.CARSON,17 MASS.APP.CT.52,455,N.E.2d 647(1983)


15)The above cases indicate that a two-prong test is applicable
   to determine whether a matter should be dismissed by virtue
   of allegded police misconduct.

   First,whether or not the conduct of the police was improper.

   If so,secondly,whether that misconduct was deliberate and

   egregious or likely to pose a serious threat of prejudice.

"EVIDENCE OBTAINED AS A RESULT OF UNLAWFUL POLICE ACTIVITY IS

"FRUIT OF THE POISONOUS TREE". WONG SUN V. UNITED STATES,371

U.S.471(1963).SUCH EVIDENCE IS INADMISSABLE AT  TRIAL UNLESS

THE PROSECUTION ESTABLISHES THAT THE GOVERNMENT LEARNED OF THE

EVIDENCE FROM A SOURCE INDEPENDANT OF THE ILLEGALITY,THAT THE

CONNECTION BETWEEN THE POLICE MISCONDUCT AND THE CHALLENGED

EVIDENCE IS SO ATTENUATED AS TO DISSIPATE THE TAINT,OR THAT THE

EVIDENCE WOULD HAVE BEEN DISCOVERED INEVITABLY IN THE NORMAL

COURCE OF THE POLICE INVESTIGATION. COM V.LAHTI,398 MASS.829,

89 829,833-834(1986)

MASS. PRACTICE APPELLATE PROCEDURE#41 2Nd EDITION:

"THE UNITED STATES SUPREME COURT HAS NOTED THAT SOME

 CONSTITUTIONAL RIGHTS ARE SO BASIC FOR A TRIAL THAT THEIR

INFRACTION CAN NEVER BE TREATED AS HARMLESS ERROR" EXAMPLES

OF THESE ARE COERCED CONFESSIONS,THE DENIAL OF THE RIGHT TO

COUNSEL AND AN IMPARTIAL JUDGE.TI IS DIFFICULT TO SAY WHETHER

THE STANDARD OF HARMLESS.      BEYOND A REASONABLE DOUBT"IS

DIFFERENT FROM THE STANDARD OF "SUBSTANTIAL RISK OF MISCARRIAGE

OF JUSTICE" IN SUMMARY"BEFORE A FEDERAL CONSTITUTIONAL ERROR

CAN BE HELD HARMLESS,THE      COURT MUST BE ABLE TO DECLARE

A BELIEF THAT IT WAS HARMLESS"BEYOND A REASONABLE DOUBT"

THE UNITED .    STATES SUPREME COURT FORMALLY DECLARED THAT THE

GOVERNMENT MUST PROVE EVERY ELEMENT OF EVERY CRIMINAL CHARGE

AGAINST A DEFENDANT BEYOND A REASONABLE DOUBT,.IN RE WINSHIP

397 U.S.358,90 S.CT.1068,25 L.E.d 2d 368(1970)

16)The plaintiff was arrested in building where items were found

   that were used in a crime.Like the plaintiff stated at the
   beginning of this discovery that he was in building where
   contraband was found.The plaintiff was on his way to work,and
   stopped at said building to buy marijuana,which the plaintiff
   does everyday.While the plaintiff was waiting for his purchase,
   police came into the building and arrest plaintiff,telling
   him that he just robbed someone.Plaintiff was arrested in a

   high crime area,and police did testify to that at trial on
   5-3-05.Police also testified at trial and stated that there
   were many people outside at time of crime,because it was
   morning rush hour.Ultimately,the plaintiff was in the wrong
   place at the wrong time.
   The reason why the plaintiff was convicted of crime was

   because plaintiff was in mere proximity to contraband that
   was used in a robberyy.However,the law states;
"MERE PROXIMITY TO CONTRABAND,ON PROPERTY WHERE IT IS FOUND
AND ASSOCIATION WITH A PERSON(S) HAVING CONTROL OF IT ARE ALL
INSUFFICIENT TO ESTABLISH CONSTRUCTIVE POSSESSION",,PLEASE-
SEE UNITED STATES V.EARL,27 F.3rd 423,425(9th CIR.1994)
UNITED STATES V.VASQUEZ-CHAN,978,F.2d 546,553(9thCIR.1992)
COM V.ARAUJO(1995) 650 N.E.2d 352,38,MASS.APP.CT.960.

**DAMAGES**

The plaintiff has suffered emotional distress caused by officer
Donze yelling at plaintiff to cooperate,then when plaintiff did
not cooperate officer Donze called plaintiff a"FUCKING SPIC"!
Then officer Donze ~~treat~~ threatened plaintiff if plaintiff did
not cooperate.Plaintiff also was the victim of racial slurs,
epithets,threats,and intimidation.These actions violate the
plaintiffs civil and constitutional rights. Plaintiffs due process

rights were violated by officer Donze by bringing plaintiff to
show-up identification without counsel for pre-trial observations
by victim.Plaintiffs miranda rights were violated by officer
Donze attempting to coerce the plaintiff into making an
involuntary alledged confession to crime.
Officer Donze fabricated police reports in regard to the plaintif
being mirandized and also lied about plaintiff signing miranda
card. Officer Donze also violated the plaintiffs telephone
rights by refusing to allow plaintiff to use telephone even
after plaintiff requested to do so.Officer Donze fabricated
police reports in regard to the plaintiff using telephone.
The report indicates that a confirmed phone call was made by
plaintiff,when in fact,the plaintiff was denied his right to
use telephone to contact family or engage the services of an
attorney.
The federal civil rights act protects citizens of the United
States against threats,intimidation,racial slurs,epithets and
coercion.                    **RELIEF SOUGHT**


Plaintiff humbly demands to be compensated for said violations,
which are clearly established civil and constitutional rights,
that an ordinary police officer would know is malicious.
Plaintiff seeks compensatory,nominal and punitive damages
against the defendants for said violations.
Plaintiff wishes to sue defendant in his offical and individual
capacities.
Plaintiffs monetary demand is in the sum of one million dollars
    in American currency($1,ooo,ooo) for damages plaintiff
incurred at the hands of defendant.
                    **CLOSING**
Wherefore,plaintiff seeks judgement against the  defendants,and
any other relief this Honorable Court may deem just and proper.

                    REPECTFULLY SUBMITTED

                DAVID RIBEIRO,PRO SE PLAINTIFF#W85454
                    M.C.I NORFOLK
                    P.O BOX 43
                    NORFOLK MA,02056
                    SIGN David Ribeiro
                    DATE 3-3-06
                        12-12-06

I,David Ribeiro,Pro se plaintiff certifies that on the date
below have mailed copies to defendants and original to the
clerk of the District Court at the address below via
United States mail,first class,of enclosed opposition.


JONH VIGLIOTTI,ESQ
397 GROVE ST.
WORCESTER, MA,01605

           U.S DISTRICT COURT CLERK
            1550 MAIN ST.RM.512
            SPRGFLD, MA 01103


                     CHARLES P.LAVELLE
                     HOLYOKE LAW DEPT.
                     20 KOREAN VETERANS PLAZA
                     HOLYOKE, MA 01040


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

                     RESPECTFULLY SUBMITTED
                     DAVID RIBEIRO,PRO SE,PLAINTIFF#W85454
                     M.C.I NORFOLK
                     P.O BOX 43
                     NORFOLK, MA 02056
                     SIGN _David Ribiro_
                     DATE 12-12-06