```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


DAVID RIBEIRO, PRO SE,      )
          Plaintiff    )
                            )
     v.                     ) CIVIL ACTION NO. 04-30201-MAP
                            )
HOLYOKE POLICE DEPT., ET AL,)
          Defendants   )
```

MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Docket No. 52)

January 4, 2007

PONSOR, D.J.

Plaintiff, pro se, originally brought this action against a number of law enforcement officials, the District Attorney of Hampden County, the Commonwealth of Massachusetts and the City of Holyoke. The essence of Plaintiff's complaint is that his civil rights were violated at the time of his arrest for armed robbery on July 12, 2004. Various successful pretrial motions reduced the number of defendants to Holyoke Police Officers Usher, Narey, Briant, and Donze, as well as the Holyoke Police Department and the City of Holyoke.

Plaintiff, pro se, and counsel for these defendants appeared before this court for a final pretrial conference on October 16, 2006. At that time, the court established a schedule for filing a motion for summary judgment on behalf of

the remaining defendants, as well as a deadline for opposition. Both these documents have now been filed. For the reasons set forth below, the court will allow the Motion for Summary Judgment of the remaining defendants and will order this case to be closed.

The underlying facts are straight-forward and essentially undisputed. On July 12, 2004 at approximately 6:18 a.m. officers of the Holyoke Police Department responded to a report of an armed robbery at Sam's Food Store at 515 High Street in Holyoke. Officer Narey observed Plaintiff with a red bandanna on his head running from Sam's Food Store and entering 21 Worcester Place. Plaintiff was placed under arrest and returned in the police cruiser to the scene of the crime, where he was identified by the store clerk.

According to Plaintiff, his presentation to the victim of the crime was overly suggestive and accompanied by some rough language. Plaintiff was then taken to the Holyoke Police Department and booked. Plaintiff claimed he was never given his <u>Miranda</u> rights or an opportunity to use the telephone. There is no claim of any excessive force used by the officers.

On July 27, 2004, indictments were returned against Plaintiff for armed robbery, carrying a firearm without a license, possessing a firearm without a Firearm's Identification Card, and being a felon in possession of a

firearm. During the course of the criminal proceedings, Plaintiff filed a motion to suppress, which was denied. On May 3, 2005, Plaintiff waived jury trial and was trial before the Superior Court of the Commonwealth of Massachusetts and convicted on all four counts. He received a sentence of from five to six years imprisonment.

Plaintiff argues essentially that the police officers behaved improperly in placing him under arrest, presented him to the victim in an overly suggestive manner, filed a fraudulent police report, used improper language towards him, failed to provide him an opportunity to make a phone call afer his arrest, and failed to give him his <u>Miranda</u> warnings.

None of th allegations made by Plaintiff, on the record now before the court, presents a supportable claim under 42 U.S.C. § 1983.

First, the bulk of Plaintiff's claims collide with the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff is in essence attempting to challenge the constitutionality of his conviction through a suit for damages under 42 U.S.C. § 1983.

More importantly, none of the police actions in this case rise to the level of a violation of a constitutional right. The presentation of Plaintiff to the victim, the denial of the phone call, the decision not to provide <u>Miranda</u> warnings, and

the other scattered allegations made by Plaintiff simply do not implicate any recognized constitutional protections. Similarly, accepting Plaintiff's facts as true, the somewhat rough language used by one of the Holyoke Police Officers does not rise to a constitutional violation. The claim that the officers submitted a fabricated police report is simply an effort on the part of Plaintiff to offer a rendition of facts related to the incident that was ultimately not accepted by the factfinder, in violation of the Supreme Court's <u>Heck</u> decision.

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 52) is hereby ALLOWED. The clerk will enter judgment for all defendants in this case. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge